THE STATE ex rel. OTTO HAMPE, Administrator *Pendente Lite* of Estate of FREDERICK MOLL, and MAUD HARDEN, Curatrix of Estate of FRED MOLL, A Minor, v. ANTHONY F. ITTNER, MOSES HARTMAN and FRANK LANDWEHR, Judges of Circuit Court of City of St. Louis.

### Division Two, June 5, 1924.

1. **JURISDICTION: Circuit Courts: Appointment of Receiver.** Circuit courts are vested with common-law powers, and by statute (Sec. 1449, R. S. 1919) are expressly authorized to appoint a receiver "to keep and preserve all property and protect any business or business interest that may be entrusted to him pending any legal or

equitable proceeding concerning the same," and the exercise of this power rests in the sound judicial discretion of the court.

2. **ADMINISTRATION**: Will Contest: Revocation of Letters: Administrator Pendente Lite. The filing in the circuit court of a petition to contest a will operates *ipso facto* to vacate the order of the probate court admitting the will to probate, and revokes a prior order directing the executor to take charge of decedent's real estate, and such prior order is not to be considered as so far continued in force as to authorize the administrator *pendente lite* then appointed to take charge of such real estate and to exercise the same authority over the same as was by said order invested in the executor.

3. ——: ——: ——: Jurisdiction of Circuit Court to Appoint Receiver of Real Estate. Where the will was probated and an order was made directing the executor to take charge of decedent's real estate, for a period not exceeding one year, for the purpose of paying legacies, collecting the rents, making necessary repairs and paying insurance, and thereafter a suit to annul the will was begun in the circuit court, the power of the executor being thereby *ipso facto* revoked, and two days later, and about three months before said order by its terms would have expired, certain legatees filed their petition in said will contest asking for the appointment of a receiver to take charge of decedent's real estate, it was the plain duty of the circuit court, when confronted with said record of the probate court, to appoint a receiver to protect and preserve the real estate for those who ultimately might be entitled to it. And the jurisdiction of the circuit court to appoint a receiver, under such circumstances, was in no wise affected by the fact that thereafter, and about a month before said order of the probate court directing the executor to take charge of the real estate would by its terms have expired, the plaintiffs in the will contest filed their motion in the probate court asking for the appointment of an administrator *pendente lite*, and the probate court by another order revoked the authority of the executor and appointed an administrator *pendente lite* and directed him to take into his charge "all the estate of deceased remaining unadministered."

4. ——: ——: ——: ——: Subsequent Order of Probate Court: Administrator Pendente Lite: All Estate Means Personalty: Prohibition. After the circuit court has acquired jurisdiction to appoint a receiver to take charge of decedent's real estate and has done so, the probate court has no jurisdiction to appoint an administrator *pendente lite* to take charge of such real estate; and an order directing him "to take charge of all the estate of deceased remaining unadministred" did not give him authority to take charge of the real estate, even if the court had jurisdiction, but only authorized

State ex rel. Hampe v. Ittner.

him to take charge of the personal estate. And the administrator *pendente lite*, having no right of control over decedent's real estate, has no legal right to prosecute a writ of prohibition to prevent the circuit court from exercising its jurisdiction to appoint a receiver of the real estate and control his acts.

5. **PROHIBITION: Order Appointing Receiver: Remedy by Appeal.** Where the circuit court has jurisdiction to appoint a receiver, the parties to the proceeding have a right to appeal from an order making such appointment, and therefore are not entitled to a writ of prohibition to prevent the court to proceed in such matter.

Headnotes 1 and 3: Courts, 15 C. J. sec. 418; Receivers, 34 Cyc. 19. Headnote 2: Wills, 40 Cyc. 1245; Executors and Administrators, 24 C. J. sec. 2802. Headnote 4: Executors and Administrators, 24 C. J. sec. 2802; Prohibition, 32 Cyc. 622. Headnote 5: Appeal and Error, 3 C. J. sec. 412; Prohibition, 32 Cyc. 614.

## Prohibition.

PRELIMINARY RULE DISCHARGED.

*Randolph Laughlin, Abram M. Frumberg, Henry W. Blodgett, Alexander R. Russell, Walter N. Fisher, Taylor L. Young* and *A. M. Brinkman* for relators.

(1) There must be property in and before the court to justify the appointment of a receiver. Miller v. Perkins, 154 Mo. 629; Pond v. Railroad, 130 Mass. 194; Matter of B. G. E. Co., 143 N. Y. 261. (2) The jurisdiction of circuit courts to appoint receivers is limited by law, and when such limitation is exceeded, the action of the court is void and subject to collateral attack. State ex rel. v. Ross, 122 Mo. 461. (3) Sole original jurisdiction is conferred upon the probate court in all matters touching the management of real estate which is a part of an estate, so long as that estate is in process of administration. Secs. 22, 23, 34, Art. 6, Mo. Constitution; Secs. 13, 129, 130, 2436, 2542, R. S. 1919. (4) Prohibition is the proper remedy to keep courts within the compass of their legitimate judicial action as defined by law. State ex rel. v. Woolfolk, 269 Mo. 397; State ex rel. v. Ross, 122 Mo. 461; Railroad v. Wear, 135 Mo. 256;

State ex rel. v. Hirzell, 137 Mo. 447; Miller v. Perkins, 154 Mo. 629.

*Joseph Block* for respondents.

(1)   Otto Hampe, administrator *pendente lite,* is not a proper party relator herein.   (a)   He was not legally appointed and did not qualify according to law.   R. S. 1919, secs. 296, 17 to 19; Leahy v. Mercantile Trust Co., 247 S. W. 395; In re Landgraf's Estate, 183 Mo. App. 251.   (b)   Even though he had been legally appointed and had duly qualified he would have no interest in the subject-matter of these proceedings, or the proceedings in which the receiver was appointed, i. e., the real estate belonging to Frederick Moll at the time of his death. R. S. 1919, secs. 13, 129; Grant v. Hathaway, 215 Mo. 141; McQuitty v. Wilhite, 218 Mo. 586; Union Trust Co. v. Soderer, 171 Mo. 675; Langston v. Canterbury, 173 Mo. 122; In re Dildine's Estate, 239 S. W. 112.   (2)   Neither is Maud Harden, curatrix of the estate of Fred Moll, a minor, a proper party relatrix herein.   Reed v. Wilson, 13 Mo. 28; Judson v. Walker, 155 Mo. 166; Webb v. Hayden, 166 Mo. 39; Jones v. Railroad Co., 178 Mo. 528; Gibson v. Shull, 251 Mo. 480.   (3)   The preliminary rule in prohibition was improvidently issued and the permanent writ should be refused.   (a)   Circuit courts are given the power by statute to appoint receivers, and the exercise of this power rests within the sound discretion of the court.   R. S. 1919, sec. 1449; Stark v. Grimes, 88 Mo. App. 409; Cantwell v. Lead Co., 199 Mo. 1; Abramsky v. Abramsky, 261 Mo. 117; State ex rel. v. Stobie, 194 Mo. 14.   (b)   During the pendency of a will contest the circuit court has complete jurisdiction as to the care and preservation of the real estate.   Union Trust Co. v. Soderer, 171 Mo. 675; Ex parte Devoy, 236 S. W. 1070. (c)   Mistaken exercise of jurisdiction will not justify the writ.   School District v. Sims, 193 Mo. App. 485; State ex rel. v. McElhinney, 199 Mo. 67; State ex rel. v. McQuillan, 262 Mo. 256.   (d)   The remedy by appeal

from the order appointing a receiver, as given by statute, is adequate. The writ of prohibition will not be used to take the place of an appeal or writ of error. R. S. 1919, sec. 1469; State ex rel. v. Bank, 197 Mo. 574; State ex rel. v. Jones, 274 Mo. 395; State ex rel. v. Hanson, 217 S. W. 17; State ex rel. v. Wurdeman, 232 S. W. 1002. (e) The writ of prohibition will not issue in presence of complete jurisdiction in court whose proceedings it is sought to prohibit. State ex rel. v. Ellison, 208 S. W. 439. (f) The general rule governing the issuance of writs of prohibition, is: The writ is designed to correct the unlawful assumption of jurisdiction. When the court has jurisdiction, error in the exercise thereof, defects in pleading, etc., cannot be reached by the writ. State ex rel. v. McQuillan, 256 Mo. 704; State ex rel. v. Gates, 190 Mo. 540; State ex rel. v. McQuillan, 262 Mo. 269; State ex rel. v. Reynolds, 209 Mo. 161; State ex rel. v. Riley, 203 Mo. 175; State ex rel. v. Fort, 210 Mo. 512; State ex rel. v. Dearing, 180 Mo. 53.

RAILEY, C.—On September 18, 1923, the above-named relators filed in the Supreme Court of Missouri their verified petition for a writ of prohibition against the above-named respondents as judges of the Circuit Court of the City of St. Louis, Missouri. Said petition, without the jurat, reads as follows:

"To the Honorable Judges of the Supreme Court of Missouri:

"Your relators respectfully show the court as follows:

"(1) That Frederick Moll, late of the city of St. Louis, died on or about September 3, 1922, and left as his sole and only heir at law and next of kin his grandson, Fred Moll, a minor; that your relatrix, Maud Harden, is the mother of said minor and is the duly appointed, qualified and acting guardian of his person and curatrix of his estate; that said minor is now six years of age.

"(2)    That on or about September 6, 1922, one Philip Pollack offered for probate, and caused to be probated, an instrument purporting to be the last will of said Frederick Moll, deceased, pursuant to the terms whereof the said Philip Pollack was appointed executor without bond of said Frederick Moll estate.

"(3)    That by the terms of said purported will the said Philip Pollack, and Siegfried Pollack, his son, and Ethel Siebert, his daughter, were made the principal beneficiaries of said Frederick Moll estate, which was and is of the value of about one hundred and fifty thousand dollars.

"(4)    That thereafter, and in due course, your relatrix, Maud Harden, as curatrix of said Fred Moll, said minor, filed in the Circuit Court of the City of St. Louis a petition or suit, still pending, contesting the validity of said purported will, on the ground, among others, that the said Philip Pollack, who was the attorney of said Frederick Moll, had poisoned the mind of said Frederick Moll against his grandson by false and slanderous statements to the effect that said Fred Moll was not his grandson, but was the illegitimate child of your relatrix, Maud Harden, and that by said means, and other false and fraudulent misrepresentations and statements, the said Philip Pollack had substituted his own will for the will of his client, and had made himself and his relatives the beneficiaries thereof.

"(5)    That upon the filing of said will contest suit letters of administration *pendente lite* were granted by the Probate Court of the City of St. Louis to your relator, Otto Hampe, who thereupon, and by virtue of the provisions of Section 13, Revised Statutes 1919, became duty-bound to take charge of the property and to administer the same according to law under the direction of the court and to account for and pay and deliver all the money and property of the estate to the executor or regular administrator when qualified to act.   By virtue of said appointment your relator, Otto Hampe, is en-

titled to the possession of the property of said Frederick Moll, deceased, during the time of such will contest.

"(6)   On or about July 27, 1923, the said Philip Pollack, in the name of his daughter, Ethel Siebert, filed in the Circuit Court of the City of St. Louis, a document purporting to be a petition for an injunction. Said petition was filed after said Pollack had been given notice that an administrator *pendente lite* was about to be appointed by the Probate Court of the City of St. Louis, and for the purpose of defeating and thwarting said appointment of the probate court. Said petition is entitled Ethel Siebert, plaintiff, v. Maud Harden, May Hickey et al., defendants, and was and is numbered 68072. Neither your relatrix, Maud Harden, as curatrix of said Fred Moll, a minor, nor said Fred Moll, a minor, was made a party defendant to said petition. A certified copy of the record in said cause, marked 'Exhibit A' is herewith filed and made a part hereof. Said cause was duly assigned to Division No. 14 of the Circuit Court of the City of St. Louis, where the same remains pending.

"(7)   The defendants, Honorable Anthony F. Ittner, hereinafter called Judge Ittner; Honorable Moses Hartman, hereinafter called Judge Hartman, and Honorable Frank Landwehr, hereinafter called Judge Landwehr, were and are duly qualified and acting judges of the Circuit Court of the City of St. Louis, and as such are made respondents hereto. On said July 27, 1923, Judge Ittner was acting as presiding judge in said Division 14 of the Circuit Court, City of St. Louis, and over said cause of Siebert v. Harden. Judge Hartman is now acting as presiding judge in said court and cause, and Judge Landwehr will be presiding in said division from and after October 1, 1923, and during the time that this suit will be heard. Acting as such judges, said respondents have exceeded their jurisdiction and usurped and undertaken to exercise illegal, arbitrary oppressive power in said cause of Siebert v. Harden et al., to the resulting injury, prejudice and oppression of your relators, as follows, to-wit:

"(8)    On July 27, 1923, Judge Ittner, without notice to the parties to said lawsuit, or to any of them, and without notice to the real parties in interest, or to these relators, or to either of them, appointed Philip Pollack receiver in accordance with the prayer of said petition, and by the order appointing him clothed him with the indicia of right to withhold from your relator, Otto Hampe, as administrator *pendente lite,* the property and assets of said Frederick Moll, deceased.

"(9)    Judge Hartman has permitted said order, which is wholly without jurisdiction, in violation of the statute, and against the plain rights of your relators, to remain on the records of his court as and for an order of court, and has failed to expunge the same.

"(10)    Judge Landwehr has as yet taken no action in the matter, but is made a party hereto to the end that justice may not be defeated by the plea that the judge who created and the judge who maintained said order have been assigned to other divisions, and are, therefore, without jurisdiction to repair the wrong.

"(11)    Your relators further show the court that not only are respondents without jurisdiction of the subject-matter of said Siebert suit and of the order appointing a receiver therein for the reasons stated, but that said suit, viewed in the light of its surroundings, is a palpable attempt to perpetrate a fraud upon the Probate Court of the City of St. Louis; that it was and is the duty of respondents to refuse to permit that court to be used in aid and furtherance of said fraud; and that, upon their failure to perform said duty, it was and is the duty of this Honorable Court to hold them within the constitutional channel of their jurisdiction by the State's writ of prohibition herein.

"(12)    Your relators further show the court that on the 18th day of October, 1922, on application of the executor of the will of said Frederick Moll, now being contested, the Probate Court of the City of St. Louis authorized said executor to take charge of the real estate of said estate.

"(13) Wherefore, your relators pray that they may have the State's writ of prohibition directed to said Honorable Anthony F. Ittner, said Honorable Moses Hartman and said Honorable Frank Landwehr, as judges of said Circuit Court of the City of St. Louis, commanding them, and each of them, to desist and refrain from further proceeding on, with or under:

"(1) Said petition for injunction in said suit of Siebert v. Harden et al., No. 68072, Division No. 14, in the Circuit Court of the City of St. Louis.

"(2) The court's order of July 27, 1923, in said cause, appointing Philip Pollack receiver of the estate of Frederick Moll, pending said will contest suit.

"(3) And from further interfering with or molesting the rights of your relators under the administration law of the State of Missouri and the jurisdiction of the Honorable Probate Court of the City of St. Louis.

"(4) And for such other and further orders as this Honorable Court and the Judges thereof may deem meet and proper."

On November 20, 1923, the Supreme Court issued a preliminary rule in prohibition against said respondents.

In obedience to said writ, Honorable Anthony F. Ittner, Judge of the Circuit Court of the City of St. Louis, Missouri, on December 7, 1923, filed his return herein in words and figures following:

"Now comes Anthony F. Ittner, one of the respondents herein, and in response to the order to show cause, files this his return to relators' petition for a writ of prohibition herein.

"(1) This respondent admits that Frederick Moll, late of the city of St. Louis, Missouri, died on or about the 3rd day of September, 1922; that relatrix Maud Harden is the mother of Fred Moll, a minor, who is alleged by relators to be the grandson of said Frederick Moll, deceased, and to be the sole and only heir at law and next of kin of said decedent; that the said Maud Harden is the duly appointed, qualified and acting cura-

trix of the estate of said minor; all as alleged in paragraph 1 of relators' petition.

"Respondent further states that he has no information as to the age of said minor, nor has he sufficient knowledge or information on which to base a belief as to the paternity of said minor and his relationship to said decedent or as to whether or not said minor is the only and sole heir at law and next of kin of said decedent; that he is informed that the paternity of said minor and his said alleged relationship to the decedent is questioned by the nephews and nieces of said Frederick Moll, deceased, who claim that they are the next of kin and heirs at law of said Frederick Moll, deceased, and as such have filed in the Circuit Court of the City of St. Louis a suit contesting the purported last will and testament of said decedent, which said suit is still pending in said court and is known as Cause No. 69047-B.

"(2) Respondent admits that on or about September 6, 1923, one Philip Pollack offered for probate and caused to be probated in the Probate Court of the City of St. Louis an instrument purporting to be the last will of said Frederick Moll, deceased, pursuant to the terms whereof the said Philip Pollack was appointed executor, without bond, of said Frederick Moll estate, all as alleged in paragraph 2 of the petition herein.

"(3) Respondent admits that by the terms of said purported will the said Philip Pollack and Siegfried Pollack, his son, and Ethel Seibert were made beneficiaries of said Frederick Moll estate, but states that he has not sufficient information on which to base a knowledge or belief as to whether or not they are the principal beneficiaries thereof, or as to the value of said estate, as set out in paragraph 3 of the petition.

"(4) Respondent admits that thereafter, as alleged in paragraph 4 of the petition, relatrix Maud Harden, as curatrix of said Fred Moll, said minor, filed in the Circuit Court of the City of St. Louis a petition or suit which is still pending, contesting the validity of said purported will, on the grounds as set forth by your relators herein.

"(5)  Respondent admits that after the filing of said suit contesting the will of said Frederick Moll, an administrator *pendente lite* of the estate of Frederick Moll, deceased, was appointed by the Probate Court of the City of St. Louis, but denies (a) that said appointment was made upon the filing of said suit; (b) that Otto Hampe, relator herein, was appointed such administrator *pendente lite;* (c) that upon the appointment of the administrator *pendente lite* it became his duty upon the provisions of Section 13, Revised Statutes 1919, to take charge of the property of said estate; (d) that by virtue of his appointment the administrator *pendente lite* is entitled to the possession of the property of said Frederick Moll, deceased, during the time of such will contest; all as set out in paragraph 5 of relators' petition.

"Your respondent avers: (a) that the appointment of an administrator *pendente lite* of said Frederick Moll estate was not made until September 10, 1923, whereas the said suit contesting said will was filed July 25, 1923, and the appointment of a receiver for the real estate belonging to said decedent was made by your respondent on petition of Ethel Seibert, one of the legatees mentioned in said will, on July 27, 1923: (b) that Otto Hampe, as Public Administrator of the City of St. Louis, and not in his private individual capacity, was appointed as such administrator *pendente lite,* and that he was so appointed on his official bond, no separate bond as such administrator *pendente lite* being required of him by the court; (c) that under and by virtue of the provisions of said Section 13, Revised Statutes 1919, it became the duty of the administrator *pendente lite,* when duly and properly appointed and having qualified by giving bond as provided in Sections 18 and 19, Revised Statutes 1919, to take charge only of the personal property belonging to said estate, and that such administrator *pendente lite* had no right, power, authority or warrant in law to take charge of the real estate belonging to said decedent at the time of his death, except upon an order of the probate court for the purpose of paying debts upon a proper showing to said

304 Mo. Sup.—10

court that the personal property belonging to said estate was insufficient for that purpose; (d) that by virtue of his appointment such administrator *pendente lite* would not be entitled to the possession of any of the real estate belonging to said decedent at the time of his death.

"(6)    Respondent denies that, as alleged in paragraph 6 of the petition herein, on or about July 27, 1923, there was filed in the Circuit Court of the City of St. Louis, by Philip Pollack, in the name of his daughter, Ethel Seibert, a document purporting to be a petition for an injunction, but avers that on or about said July 27, 1923, there was filed in said court by Ethel Seibert, as plaintiff, acting through her attorney, Chester H. Krum, a petition for receiver to take charge of, manage and preserve the real estate belonging to said Frederick Moll, deceased, at the time of his death; that your respondent has no knowledge of the alleged prior notice to said Pollack that an administrator *pendente lite* was about to be appointed by the Probate Court of the City of St. Louis, other than the allegation to that effect in said petition for the appointment of a receiver; that your respondent at the time believed and still believes that said petition for the appointment of a receiver was filed in good faith for the purposes set forth therein, and that he had and has now no reason to believe, and therefore denies, that same was filed for the purpose of defeating and thwarting said appointment of the probate court, which said appointment had not yet been made, and your respondent further states that in law and in fact the appointment of a receiver as prayed for in said petition could not defeat or thwart the appointment by the said probate court of an administrator *pendente lite* and could in no wise deprive such administrator *pendente lite,* when appointed, of any of his rights and powers, or of any of his prerogatives as such administrator; respondent admits that neither the relatrix, Maud Harden, as curatrix of said Fred Moll, a minor, nor said Fred Moll, a minor, was a party to said petition, as defendant, but further states that thereafter and prior to the filing of relators' petition herein, to-wit,

on August 1, 1923, said Maud Harden as curatrix of said Fred Moll, a minor, voluntarily appeared in said cause and filed therein (a) a motion to revoke the judgment appointing a receiver and to award a hearing and (b) an answer to the petition for a receiver.

"(7)   Respondent admits that he is and was at the times mentioned in relators' petition a duly qualified and acting judge of the Circuit Court of the City of St. Louis; that on July 27, 1923, he was acting as presiding judge in Division 14 of said court and over said cause of Seibert v. Harden et al.; but respondent denies that he has in any manner exceeded his jurisdiction and denies that he has usurped and undertaken to exercise illegal, arbitrary or oppressive power in said cause, in any of the particulars as set out in relators' petition, and further denies that there is or was on his part any attempt to perpetrate a fraud upon the Probate Court of the City of St. Louis, as charged in paragraph 11 of the petition herein.

"(8)   Respondent admits that on October 18, 1922, upon the application of Philip Pollack, executor named in the said will of Frederick Moll, now being contested, the Probate Court of the City of St. Louis authorized said executor to take charge of the real estate as set forth in paragraph 12 of the petition herein, but your respondent further avers that said order of the probate court was for the purpose of authorizing the executor to collect rents to provide sufficient funds for the payment of legacies, and that said order was merely a confirmation of power given to said executor by said will, and for that reason, said will being now contested, said grant does not survive to the administrator *pendente lite.*

"For further return to relators' petition herein this respondent states:   That on July 27, 1923, he was one of the duly elected, qualified and acting judges of the Circuit Court of the City of St. Louis, Missouri, and was presiding judge in Division 14 of said circuit court, same being one of the equity divisions of said court; that on said date there was presented to him as such judge a petition which had been duly filed in said circuit court

and assigned to said Division 14, wherein Ethel Seibert was plaintiff and Maud Harden and others were defendants, a copy of said petition being filed herein as 'Exhibit A' to relators' petition; that your respondent had and exercised jurisdiction over said cause and the subject-matter thereof under and by virtue of Section 1449, Revised Statutes 1919; that upon an *ex parte* hearing all of the allegations of the petition were duly proven to the satisfaction of your respondent, and it appearing to your respondent that the personal property belonging to the estate of Frederick Moll, deceased, was more than sufficient to pay all debts and claims against his estate and costs of administration, and that it would not be necessary to take charge of the real estate belonging to said decedent for the purpose of rentals or sale thereof to pay debts, and that by reason thereof the Probate Court of the City of St. Louis could not lawfully author- ize the administrator *pendente lite* of said estate of Frederick Moll, when appointed, to take charge of said real estate, and it further appearing to your respondent that said real estate should be safely kept, guarded and preserved pending the suit to contest the will of said decedent, your respondent found that the prayer of the petition should be granted and that a receiver should be appointed for the purpose of taking charge of said real estate; and it appearing to your respondent that Philip Pollack, by reason of his intimate knowledge and acquaintance with said real estate, and by reason of his being known to your respondent as a person of integrity in whom trust and confidence could be reposed, was a fit and proper person to take charge of said real estate, your respondent appointed said Pollack as receiver, requiring him to give bond in the sum of ten thousand dollars, which said bond was duly furnished and approved; all of which your respondent represents was wholly within his jurisdiction and within the jurisdiction of the court over which he presided.

"Your respondent further denies that he has at any time or in any manner exceeded his jurisdiction, and

further denies that he has usurped or undertaken to exercise any illegal, arbitrary or oppressive power in said cause of Seibert v. Harden et al.

"Your respondent further represents that relators, if aggrieved by the action of your respondent in appointing a receiver in said cause, have a full, complete and adequate remedy by appeal, as provided by Section 1469, Revised Statutes 1919.

"Your respondent further represents that relators herein are without any rights or authority in the premises, for the following reasons, to-wit:

" (a) Relator Otto Hampe, administrator *pendente lite* of the estate of Frederick Moll, deceased, is a non-existent person, said Otto Hampe in his private individual capacity having never been appointed administrator *pendente lite* of the estate of said Frederick Moll, he having been appointed in his official capacity as Public Administrator of the City of St. Louis, under his official bond.

" (b) Relatrix Maud 'Harden, curatrix of the estate of Fred Moll, a minor, has no interest in the subject-matter, i. e., the real estate belonging to the decedent, Frederick Moll, at the time of his death, the party in interest being the minor, Fred Moll, in whose name the proceeding should be brought.

"Wherefore, having made full return, this respondent prays that the preliminary rule in prohibition be denied and that he go hence without day."

Judges Frank Landwehr and Moses Hartman, likewise filed returns, to said writ, and, after setting out certain formal matters, adopted the return of Judge Ittner as to the facts on which they rely.

On March 22, 1924, the above named relators filed herein the following pleading:

" Come now the relators in the above entitled cause, and move the court for judgment, that the preliminary writ in prohibition heretofore issued herein may be made permanent and absolute, notwithstanding the several re-

turns of the respondents, for the following reasons, to-wit:

"1.   Because under the facts alleged in said writ and petition for prohibition and admitted by the said several returns of the respondents, and under the facts affirmatively set forth in said several returns, the said respondents are, and each of them is, without jurisdiction of the action in said writ mentioned.

"2.   Because there are no facts alleged in said return sufficient to show or confer jurisdiction in the Circuit Court of the City of St. Louis, or any judge or division thereof, over the subject-matter of said action.

"3.   Because upon the whole record the Circuit Court of the City of St. Louis, Missouri, is without jurisdiction in said cause."

On April 3, 1924, respondents filed herein their additional return or supplemental abstract of record, setting out certified copies of the record proceedings of the Probate Court of the City of St. Louis, relating to the administration of the estate of Frederick Moll, deceased; and certified copies of the records and proceedings of the Circuit Court of the City of St. Louis, Division 14, in the cause of Ethel Seibert, plaintiff, v. Maud Harden et al., defendants, to-wit: The answer of defendants Maud Harden and Maud Harden, curatrix of the estate of Fred Moll, a minor, and the motion of said defendants to revoke the judgment appointing a receiver, and for a re-hearing in said court.

The matters referred to in the additional abstract will be considered with the other questions involved, as far as necessary, in the opinion.

This is an original proceeding in prohibition. A preliminary rule was issued, respondents made their return thereto, and relator moved for judgment on the issues thus presented. The facts are set out very fully in the preceding statement as shown by the pleadings. Two main issues are presented on the record for our consideration: First, Did the circuit court have jurisdiction to appoint the receiver mentioned in the record?

Second, Did relators have an adequate remedy by appeal from the order of the circuit court appointing said receiver? We will consider these questions in the order presented.

I. Circuit courts of this State are vested with common-law powers, aside from the jurisdiction conferred upon them in Section 22 of Article VI of our Constitution. By Section 1449, Revised Statutes 1919, they are given general powers in respect to the appointment of receivers. Said section reads as follows:

*Jurisdiction to Appoint Receiver.*

"The court, or any judge thereof in vacation, shall have power to appoint a receiver, whenever such appointment shall be deemed necessary, whose duty it shall be to keep and preserve any money or other thing deposited in court, or that may be subject of a tender, and to keep and preserve all property and protect any business or business interest entrusted to him pending any legal or equitable proceeding concerning the same, subject to the order of the court."

The exercise of this power rests within the sound discretion of the court. [State ex rel. Mueller v. Wurdeman, 232 S. W. (Mo.) l. c. 1004; Abramsky v. Abramsky, 261 Mo. 117.]

Turning to the pleadings for the facts, we find, that Frederick Moll, a resident of St. Louis, Missouri, died on September 3, 1922, the owner of real and personal property of the approximate value of $150,000; that on September 6, 1922, Philip Pollack presented, and caused to be probated, an instrument purporting to be the last will and testament of said Frederick Moll, deceased, pursuant to the terms of which said Philip Pollack was appointed executor of said estate without bond; that by the terms of said will, said Philip Pollack, Siegfried Pollack, his son, and Ethel Siebert, his daughter, were made the principal beneficiaries of said estate; that on October 18, 1922, Philip Pollack, executor of said will, presented a petition to the probate court of said city, asking for an order of

said court, authorizing him to take charge of the real estate of deceased, etc.; that the probate court, pursuant to said request, by an order entered of record, authorized and directed said executor to take charge of the real estate aforesaid, for the purpose of paying the legacies due from said estate, for a period of not exceeding one year, to collect the rents therefrom, to make the necessary repairs and improvements on said property, to insure the same, and do all matters necessary to the proper conservation of said property as prayed for in said petition; that on or about the 25th day of July, 1923, Maud Harden, as curatrix of the estate of Fred Moll, a minor, instituted in the circuit court of said city a suit to contest said will; that on September 10, 1923, said Maud Harden, curatrix of the estate of Fred Moll, a minor, filed in the probate court aforesaid a motion, alleging therein the filing of said will contest in the circuit court aforesaid, and moved the court to appoint an administrator *pendente lite* of said estate, pending such contest; that pursuant to said motion, the probate court made and entered of record, the following order:

"It appearing that by reason of the filing of such contest of the last will and testament of said deceased, as aforesaid, the letters testamentary heretofore granted by this court to Philip Pollack, as executor of said will, were revoked, and his authority as such executor thereby ceased; it is thereupon ordered by the court that said Philip Pollack do make a settlement of his accounts as such executor, up to the time of the revocation of his authority, as aforesaid, as required by law, and that Otto A. Hampe, Public Administrator for the City of St. Louis (who comes and enters his appearance herein), do take into his charge and custody, as such public administrator, under his official bond as such, pending the contest of said will, all the estate of said Frederick Moll, deceased, remaining unadministered, and administer the same according to law."

In the meantime, to-wit, July 27, 1923, Ethel Siebert, one of the legatees in said will, filed in the circuit court

aforesaid, her petition against Maud Harden et al., for the appointment of a receiver to take charge of the real estate of decedent, described therein; that pursuant to the allegations of said petition, Philip Pollack was appointed receiver, required to give a $10,000 bond; that as said receiver he filed said bond, which was approved; that said Maud Harden, and Maud Harden, curatrix of the estate of the estate of Frederick Moll, a minor, entered their appearance at the June term, 1923, of the circuit court aforesaid, and answered in said cause, denying therein the jurisdiction of the court to appoint a receiver, and alleging the filing of the proceedings aforesaid to contest said will; that said Maud Harden, and as curatrix aforesaid, filed a motion for a new trial in said cause, which was overruled, and so far as the record discloses, no appeal was taken.

The filing of the will contest on July 25, 1923, in legal effect, operated *ipso facto* to vacate the order of the probate court admitting the will to probate. [Johnson v. Brewn, 277 Mo. l. c. 396; Byrne v. Byrne, 289 Mo. l. c. 126.] It likewise revoked the right of Philip Pollack to take further action concerning the real estate turned over to him as executor aforesaid. It is contended by relators that the order of the probate court authorizing Philip Pollack, as executor of the estate of Frederick Moll, deceased, to take charge of said estate, also conferred upon Hampe, the public administrator appointed as *pendente lite,* the power to take charge of said real estate pursuant to the same authority which Philip Pollack could have exercised under said order, had no will contest been commenced. It is contended by respondents that this position is untenable for several reasons: (a) Because Hampe, as public administrator, was not authorized by the record of his appointment as *pendente lite* or otherwise, to take charge of said real estate. [Secs. 129, 130, R. S. 1919.] (b) Because he was not required to, nor did he, give the bond provided for in Sections 17, 19 or 130, Revised Statutes 1919, which said sections read as follows:

"Sec. 17. The court, or judge or clerk in vacation, shall take a bond of the persons to whom letters of ad-

ministration are granted, with two or more sufficient securities, resident in the county, to the State of Missouri, in such amount as the court or judge or clerk shall deem sufficient, not less than double the amount of the personal estate.

"Sec. 19. A similar bond, with such variations as the case may require, shall be given by all executors or administrators with the will annexed, or of the goods remaining unadministered, and by all administrators during the time of contest about a will or the minority or absence of an executor.

"Sec. 130. Whenever letters of administration or testamentary shall have been granted on an estate, and it shall appear to the court or judge in vacation, that the decedent died possessed of real estate in the State, and his heirs or legatees have failed to take charge of same, or the identity or whereabouts of such heirs or legatees are unknown, then the court or judge in vacation may on its or his own motion, or that of any party interested, direct the administrator or executor in charge of said estate, to take charge and manage the real estate, until such time as such heirs or legatees shall appear and petition the court to turn the management of said real estate over to them, or until the same shall escheat to the State as is provided by the 'Escheat Act.' "

The circuit court was confronted, when the petition for a receiver was filed in July, 1923, with the record of the probate court, showing that Philip Pollack, as executor aforesaid, was only authorized to take charge of decedent's real estate for one year from October 18, 1922. His power to act having been revoked by the filing of the will contest, and no one else having been authorized by law to look after and care for said real estate, it was the plain duty of the circuit court, under the circumstances aforesaid, to appoint a receiver to take charge of said real estate for the protection of those who might be ultimately entitled thereto. Even if the probate court had authorized Hampe, as public administrator, under

the circumstances aforesaid, to take charge of decedent's real estate, in view of the ruling of our Court in Banc, in State ex rel. v. Wurdeman, 232 S. W. l. c. 1003 and following, it would not have prevented the circuit court from entertaining jurisdiction to appoint a receiver to take charge of said real estate. But it is not necessary to go to that extent in this case, as Pollack's year for looking after the real estate was to expire on October 18, 1923, and no one else having been appointed for that purpose, a proper case was presented for the apointment of a receiver.

(1) It appears from the files herein, that the probate court made and entered of record on December 10, 1923, an order vacating and setting aside the order made by said court on September 10, 1923, appointing Otto A. Hampe, administrator *pendente lite* of the estate of Frederick Moll, deceased. The probate court, on said December 10, 1923, then re-appointed Otto A. Hampe, Public Administrator of St. Louis, to take charge of all the estate of said Frederick Moll, deceased, remaining unadministered, and approved his bond in the sum of $25,000.

All Estate.

It may be conceded, for the purposes of the case, that the last appointment of Hampe, as administrator *pendente lite*, authorized him to take charge of the personal estate of Frederick Moll, deceased, and to turn over the unadministered portion of same to the executor, should the will be sustained, etc. [State ex rel. v. Imel, 243 Mo. l. c. 187 and cases cited; Leahy v. Mercantile Trust Co., 247 S. W. l. c. 403; 2 R. C. L. sec. 558, p. 453.] The circuit court, however, acquired jurisdiction over the real estate of decedent, by the appointment of a receiver on July 27, 1923. The probate court, on December 10, 1923, when it set aside the original order appointing Hampe, as administrator *pendente lite,* and re-appointed him to that position, was without authority of law, to authorize him to take charge of the real estate aforesaid, even if the record of his appointment had so pro-

vided, which it did not. [State ex rel. v. Wurdeman, 232 S. W. (Mo.) l. c. 1004; State ex rel. Davis v. Ellison, 276 Mo. l. c. 655-6.]

The original order of the probate court authorizing Philip Pollack, as administrator aforesaid, to take charge of decedent's real estate for one year from October, 1922, had expired when the second appointment of Hampe was made on December 10, 1923, and hence, Hampe, as administrator *pendente lite,* acquired no power to take charge of decedent's realty under the original order authorizing Pollack, as executor, to take charge of same for not exceeding one year from October 18, 1922.

(2) As heretofore shown, Hampe, as administrator *pendente lite,* was never authorized by either the original or subsequent record of his appointment, to take charge of decedent's real estate. We have likewise shown that the power of Pollack, as **Administrator Pendente Lite: Powers: Prohibition.** executor, to take charge of decedent's real estate, expired on October 18, 1923, and as the last appointment of Hampe revoked the former appointment, and was not made until December 10, 1923, he could not invoke jurisdiction over said real estate under Pollack's order to take charge of same, which expired by limitation on October 18, 1923. If therefore follows, from what we have previously said, that Hampe, as administrator *pendente lite* of the estate of Frederick Moll, deceased, never had any right of control over decedent's real estate, had no legal interest in the receiver proceedings, was not a necessary party thereto, and has no legal right to prosecute this action.

II. It appears from the record that Ethel Siebert filed suit in the circuit court aforesaid on July 27, 1923, against Maud Harden et al., which had for its purpose the appointment of a receiver to take charge of the decedent's real estate, etc. An answer was filed in said receivership case by Maud Harden, and by Maud Harden, curatrix of the estate of Frederick Moll, a minor,

challenging therein the jurisdiction of the circuit court to appoint a receiver.  As heretofore stated, Hampe, as administrator *pendente lite,* was not legally interested in said litigation.  None of the other parties interested therein, or in the real estate of decedent, are here attacking the jurisdiction of the circuit court, in regard to its appointment of a receiver.  The court had jurisdiction of the cause, and of the person of this relator. The latter had the legal right to appeal from the order appointing said receiver and, having failed to do so, is not entitled to maintain this action.  [Sec. 1469, R. S. 1919; State ex rel. v. Wurdeman, 232 S. W. (Mo.) 1002; State ex rel. v. Henson, 217 S. W. (Mo.) 17; State ex rel. v. Jones, 274 Mo. 395; State ex rel. v. Bank, 197 Mo. l. c. 593.]

Viewed from any angle, we have reached the conclusion, that our preliminary rule in prohibition was improvidently granted; that it should be discharged, and a peremptory writ denied.  It is so ordered.  *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court.  All of the judges concur.