A. D. ODOM ET AL., Appellants, v. LOUISE W. LANGSTON ET AL.—No. 39583.—195 S. W. (2d) 463.

Division One, June 10, 1946.

Rehearing Denied, July 8, 1946.

110

*J. N. Burroughs, Frank B. Williams,* and *Joe N. Brown* for appellants.

*A. W. Landis, Herman Pufahl, Arch A. Johnson, R. L. Hyder, A. D. Scarritt* and *Elliott H. Jones* for respondents.

GANTT. J.—Action to have the residuary clause of the will of Barsha A. Langston, deceased, ruled void for alleged legal infirmities. The amount involved exceeds $7500. On defendants' motion, and under the facts alleged in the petition, which includes a copy of the will, the trial court dismissed the action as barred by the five year statute of limitations. [Sec. 1014, R. S. Mo. 1939.] Plaintiffs appealed.

In substance the material facts alleged in the petition follow: The validity of the small specific bequests are admitted by the plaintiffs. The beneficiaries under said bequests were not made parties defendant. Plaintiffs are nephews and nieces of the deceased. Under the third clause of the will they are beneficiaries in the sum of one dollar each. Defendants are the executors, beneficiaries under the residuary clause and the trustees under said clause.

The testatrix died on April 8, 1938. The will was probated in common form and the executors qualified on May 17, 1938. On Dec. 26, 1938, plaintiffs filed suit to contest the will. On Oct. 31, 1939, the trial court directed the jury to return a verdict sustaining the

will. On appeal, the judgment sustaining the will was reversed and the cause remanded. (Odom v. Langston, 347 Mo. 1201, 152 S. W. 2d 124). On a retrial, the jury returned a verdict sustaining the will. Plaintiffs again appealed but dismissed the appeal on Dec. 18, 1943. This suit was filed on April 15, 1944.

Plaintiffs contend that a right of action by an heir or distributee is barred by no statute of limitations. Even so, the plaintiffs are neither heirs nor distributees under the residuary clause of the will. They are strangers to the clause. They seek by this action to have the clause ruled void and thereby become heirs-at-law and entitled to distribution. In other words, it is not an action by an executor or trustee under a will, or by a legatee, devisee or cestui que trust under a will who may sue for a construction of a will without statutory limitations. The word "construe", as used with reference to wills, means to determine the intention of the testator as set forth in an ambiguous but lawful provision of the will. In this action plaintiffs seek no such construction. They challenge the residuary clause as void. If void, there is nothing to construe. This effort of plaintiffs to have the residuary clause ruled void is subject to statutory limitations. Plaintiffs cite cases as follows: Ruby v. Barnett, 12 Mo. 3, 1. c. 5; Dillon's Administrator v. Bates, 39 Mo. 292, 301; Foster v. Petree, 347 Mo. 992, 149 S. W. 2d 851; Tincher v. Arnold, 147 Fed. 665; Stoff v. Schuetze, 293 Mo. 635, 240 S. W. 139, 144; Koppel v. Rowland, 319 Mo. 602, 4 S. W. 2d 816, 1. c. 818; Corpus Juris, Vol. 69, p. 881; Page on Wills, Vol. 4, p. 616, Secs. 1615, 1616. The facts considered and ruled in the citations are not even smiliar to the facts of this case.

It is difficult to understand the next contention of the plaintiffs. We think they contend that the five year statute of limitations is suspended during the year in which interested parties may contest a will. There is no statute so providing and they cite no case so ruling. Of course, a will contest suspends the authority of an executor pending a determination of the contest. Even so, this did not prevent the five year statute of limitations ▆ from commencing to run on the probation of the will in common form and appointment of the executors. If so, the limitation continued to run regardless of the institution of the will contest by the plaintiffs. They argue that this action could not have been "maintained" pending the will contest. It could have been continued pending the will contest and thereafter tried or "maintained".

As stated by respondents: "The whole point is that plaintiffs could have brought the present action upon the appointment of executors, on May 17, 1938. And, they could have maintained it to a finish. That being so, the right of action then accrued, and limitation began to run against it. And, the heirs could not stop the running of the statute by bringing a suit on a different cause of action." The

contention is overruled. Plaintiffs cite cases as follows: Tapley et al. v. Abraham McPike, 50 Mo. 589; Hughes v. Burriss, 85 Mo. 660-666; Johnson v. Brewn, 277 Mo. 392, 210 S. W. 55; In re Thomasson's Estate, 350 Mo. 1157, 171 S. W. 2d l. c. 559, 560; State ex rel. Hamilton v. Guinotte, 156 Mo. 513, 57 S. W. 281; State ex rel. Hampe v. Ittner, 263 S. W. 158, 304 Mo. 135; Byrne v. Bryne, 233 S. W. 461, 289 Mo. 481; Allison v. Missouri Power Co., 59 S. W. 2d 771-773; Cleveland v. Laclede Produce Co., 129 S. W. 2d 12, 17; Gebhard v. Lenox Library et al., 68 Atl. 540, 74 N. H. 416; Buchanan v. Davis, 43 S. W. 2d 279; Masterson v. Masterson, 344 Mo. 1188, 130 S. W. 2d 629.

The cited cases on this contention also are not in point on the facts. ■ Plaintiffs also contend that the title to real estate is involved and for that reason the action is not barred by limitation for ten years. The testatrix owned both real and personal property at the time of her death. The contention presents the question of whether or not testatrix's will directed the executors to convert the real estate into cash. The rule, as stated by Goode, J., follows:

"Real property is treated in equity as personalty, and the rules governing the latter species of property applied to it in order to carry out the intention and terms of a will, in several contingencies; when there is a positive direction to the executor to sell the real property, or a necessity to sell in order to distribute legacies in the will or comply with its other terms, or when there is such a blending of the real and the personal estate by the terms of the will, as to show the testator intended to create a common fund out of both species of property and bequeath it or its income as money. [Hunt's Appeal, 105 Pa. St. 128, 141.] In either of those instances equity will treat the real property as personalty from the death of the testator; and all of them existed in the present case." [Llewellyn v. Llewellyn, 122 Mo. App. 467, 99 S. W. 809.]

The clause of the will with reference to this question follows:

"Ninth. I authorize my executors, with all convenient speed, after my demise, to convert my estate both real and personal, into cash, they, or either of them, being hereby authorized and empowered to grant, bargain, sell, alien and convey, and on such terms and conditions as may seem proper, all of my real estate wherever situated, and to execute contracts, deeds or any other instrument, or instruments of conveyance necessary for the proper transfer and conveyance of title in fee simple."

We think the ninth clause is a positive direction to the executors to convert the real and personal property into cash with "all convenient speed". Furthermore, a consideration of the will from its corners clearly shows an intention of the testatrix to distribute the remainder in cash on the termination of the trust. It follows that the conversion became effective on the death of the testatrix, and the will

disposes of personal property only. On this contention plaintiffs cite White v. Greenway, 274 S. W. 486, and Ganahl v. Ganahl, 323 Mo. 620, 19 S. W. 2d 898, 901. These cases are distinguishable on the facts.

In this connection plaintiffs argue that the trial court was without authority to rule the question of equitable conversion of the real estate. The trial court could ■■■■ not have determined the applicable statute of limitations without considering the question of equitable conversion.

The judgment should be affirmed. It is so ordered. All concur.