A. D. Odom, Ella King, Walter L. Odom, Charles Peel, Mrs. Neva Groves, nee Neva Thompson, Ollie Fogelman, Jess L. Odom, Ruby Williams, Mrs. Linnie Owens, Roy Odom, and Joyce Odom, Appellants, v. Louise W. Langston, Trustee: St. Louis Trust Company, a Corporation, Trustee; Louise W. Langston and St. Louis Union Trust Company, a Corporation Executors of the Estate of Barsha. A. Langston, Deceased; Louise W. Langston as an Individual.—No. 40207.—205 S. W. (2d) 518.

Division One, November 10, 1947.

*J. N. Burroughs* for appellants.

1142

*A. W. Landis, R. L. Hyder, Arch A. Johnson, Herman Pufahl, Elliott H. Jones* and *A. D. Scarritt* for respondents.

CLARK, J.—Plaintiffs, alleging that they are heirs of Barsha A. Langston, deceased, brought suit in the circuit court of Howell County, presided over by Judge Gordon Dorris, asking a declaration as to their rights and interests under the residuary clause of the will of Barsha A. Langston, deceased, and under a trust instrument executed by her in her lifetime. Louise W. Langston and St. Louis Union Trust Company, as trustees and executors, and Louise W. Langston, as an individual, were made defendants.

Defendants filed a cross petition recounting various suits brought by plaintiffs to attack the validity of the Langston will and trust, in all of which the decisions of circuit courts and the supreme court were adverse to plaintiffs' contentions; alleging that the instant suit can have no other purpose and effect than to harass the defendants and delay the settlement of the Langston estate; and praying for a temporary injunction and, after a hearing, a permanent injunction restraining plaintiffs from further prosecuting this suit or any other concerning the Langston estate and trust.

The trial court issued a temporary injunction. Plaintiffs filed an application to remove the suit to the Federal Court. This was over-ruled and plaintiffs filed an answer or reply to the cross petition. After a hearing the court granted a permanent injunction and plaintiffs have appealed.

On November 30, 1935, Barsha A. Langston executed a trust instrument transferring a large amount of personal property to Louise W. Langston and St. Louis Union Trust Company, trustees, with directions to pay the net income to the grantor during her life, then to Louise W. Langston during her life or widowhood, then to pay fifty per cent of the trust fund in specified proportions to certain named institutions and fifty per cent to trustees for the erection of a memorial.

Barsha A. Langston died, testate, in April, 1938. Her will, probated on May 17, 1938, devised and bequeathed certain property to the same trustees, for the same purposes and on the same conditions as provided in the trust instrument previously executed by her.

On December 26, 1938, plaintiffs filed suit to contest the will on the ground of undue influence and fraud. The trial judge, Honorable Warren L. White, directed a verdict for defendants. Plaintiffs appealed and Division Two of this court in an opinion by Commissioner Westhues, concurred in by all the judges of that division, remanded the case. [347 Mo. 1201, 152 S. W. (2d) 124.] A retrial resulted in a verdict of a jury and judgment of the court sustaining the will. Plaintiffs appealed, but dismissed their appeal on December 18, 1943.

In February, 1941, plaintiffs sued to have the provisions of the trust instrument declared void. The trial judge, Honorable Tom R. Moore, sustained a demurrer to the petition. Division Two of this court affirmed the case in an opinion by Judge Ellison concurred in by all the judges of that division. [351 Mo. 609, 173 S. W. (2d) 826.]

In April, 1944, plaintiffs sued to have the trust provisions in the will declared void. The trial judge, Honorable C. H. Jackson, dismissed the suit as being barred by the five year statute of limitations. Division One of this court affirmed the case in an opinion by the late Judge Gantt concurred in by all the judges of this division [355 Mo. 109, 195 S. W. (2d) 463.]

On September 28, 1943, plaintiffs again sued to attack the validity of the trust instrument. The trial judge, Honorable C. H. Jackson, dismissed the suit with prejudice. Division One of this court affirmed the case in an opinion by the writer concurred in by all the judges of this division. [355 Mo. 115, 195 S. W. (2d) 466.]

The effect of the foregoing decisions is that the provisions of the trust are valid and that plaintiffs take nothing either under the residuary clause of the will or under the trust instrument.

On August 21, 1946, plaintiffs brought the instant suit to attack the validity of the trust as provided in both the will and the trust instrument, stating in their petition that they made the same allegations as to the alleged invalidity of the trust as were made in their suits filed in May, 1942, and September, 1943. The trial judge, Honorable Gordon Dorris, granted a permanent injunction as above stated.

In their briefs on this appeal, plaintiffs make general assignments that the trial court erred in overruling plaintiffs' application to transfer the case to the Federal Court, in admitting in evidence two supreme court decisions and the judgment of the circuit court in the suit filed in September, 1943, and in granting an injunction. In another portion of their brief plaintiffs attack decisions in this matter previously rendered by the trial judges and by this court; attempt to raise a constitutional question by alleging that those decisions deprive plaintiffs of property without due process of law, and question the propriety of participation in the previous cases and this case by the the judges of this court.

 In the application to transfer the case to the Federal Court a diversity of citizenship is alleged; that the amount involved is $95,000.00; that the judges of the state courts are biased and prejudiced against plaintiffs and unduly influenced by defendants; that the judges of both the trial and appellate courts who have heretofore passed upon the matters involved are members of the Masonic Order, and bound to contribute to the Masonic Home [one of the beneficiaries named in the trust] and by reason of their obligations as Masons are disqualified from participating in the case.

Plaintiffs cite no case and offer no rational argument to show why the application to transfer should have been sustained. The Federal statute authorizes an application for transfer only by defendants, not plaintiffs. The cross petition of defendants was not an independent cause of action which transformed the plaintiffs into defendants. It was purely defensive in nature to restrain plaintiffs from persisting in fruitless litigation of matters already finally decided. Neither is a proceeding to restrain the prosecution of a case in a state court within the original jurisdiction of a Federal Court. [28 U. S. C. A., 71, 379; West v. Aurora, 6 Wall. 139, 18 L. Ed. 819.]

■ Plaintiffs' counsel made long objections to the introduction in evidence of two opinions adopted by this court, [355 Mo. 109 and 115, 195 S. W. (2d) 463 and 466] the gist of the objections being that the cases were incorrectly decided. Of course, there is no merit in the objections. Plaintiffs' application to transfer attacked these decisions and defendants relied upon them in their pleading. Whether or not they were correctly decided they were admissible and, without being admitted, it was the duty of the trial court to take judicial notice of them.

■ Plaintiffs' counsel objected to the introduction of the judgment of the circuit court of Polk County in the case in which the appeal is decided in 355 Mo. 115, 195 S. W. (2d) 466. That judgment dismissed plaintiffs' petition *with prejudice* and rendered judgment in favor of defendants for costs. Plaintiffs' counsel objected to the introduction of the judgment on the ground that it was not authorized by the judge's minutes. Those minutes show that plaintiffs' motion for leave to dismiss *without prejudice* was overruled and defendants' motion to dismiss was sustained. Plaintiffs' counsel prepared the transcript on appeal in that case and set out the judgment from which the appeal was taken. The transcript was approved and signed by the trial judge. This same counsel on page 28 of his brief in that case [our Number 39690] sets out the judgment in full:

"Thereupon the court, by its order duly made on the 31st day of July, 1945, and entered of record, sustained defendants' motions to dismiss as follows:

"Now on this day defendants' various motions to dismiss, heretofore on March 23, 1945, submitted to and taken under advisement by the court, are hereby sustained.

"Wherefore, it is ordered and decreed by the court that the plaintiffs take nothing by virtue of their petition and that the same be dismissed with prejudice and that defendants go hence without delay, and recover of plaintiffs their costs herein incurred."

Counsel's objection to the introduction of the judgment is entirely baseless.

■ Plaintiffs question the propriety of the judges of this court and the various trial judges heretofore mentioned participating in litigation involving the Langston trust because, it is alleged, all those judges are members of the Masonic Order. Some, but not all, of the judges of this court are dues paying members of that Order. As to whether any or all the trial judges and the jury which sustained the Langston will are such members, we are not advised. However, no judge has any financial interest in this litigation. His dues to the Order and his right to seek a haven in the Masonic Home in the event that becomes necessary will not be affected by the outcome of this litigation. It might as well ■ be argued that a judge should be dis-

qualified to sit in cases involving the collection of taxes because of the possibility that the future might make it necessary for him to accept an old age pension.

No constitutional question is properly raised in this case. Even if our decisions are erroneous plaintiffs have not been deprived of property without due process in a constitutional sense. [Dunbar v. New York, 251 U. S. 516.]

The trial court did not err in granting an injunction. All legal questions attempted to be raised here as to the validity of the trust have been finally decided in the previous cases mentioned. Paragraph 11 of plaintiffs' petition states that the same allegations are made and the same relief prayed in this suit as in the suits filed in May, 1942, and September, 1943. Both those cases were decided adversely to the plaintiffs by the trial courts and affirmed by this court. Surely even plaintiffs' counsel knew, or should have known, when he filed the instant suit that the circuit court would be bound by our previous rulings on the identical questions involved. A letter was introduced, written to one of the trustees by plaintiffs' counsel, stating that he did not regard our opinions as being determinative of the rights of plaintiffs and that he intended to bring further litigation. The prevention of such vexatious litigation by injunction is proper. [Sylvester Coal Co. v. St. Louis, 130 Mo. 323, 32 S. W. 649; McIntosh v. Wiggins, 354 Mo. 747, 191 S. W. (2d) 637.]

In Wagner Electric Co. v. Lynden, 262 U. S. 226, 62 L. Ed. 961, the Supreme Court of the United States declared that mere alleged errors of a state court in declaring the law did not raise a constitutional question under the Fourteenth Amendment, and not only dismissed the appeal, but assessed a penalty against appellant for taking a frivolous appeal. We would be justified in taking a similar course under Section 140(d) of our new Civil Code, but are reluctant to do so because the penalty would fall upon the plaintiffs who have been and will be penalized by the payment of substantial costs.

Plaintiffs' counsel in his pleadings and briefs has impugned the motives and integrity of the members of this court and the circuit judges heretofore named by unwarranted and reckless statements without foundation in fact or reason. Surely not all of them are wholly bad and virtue and wisdom possessed only by plaintiffs' counsel. We do not wish to say anything to deter honest criticism of our decisions, but criticism should be fair and tempered with some respect for courts. We recommend the reading of that portion of the Canon of Ethics which says: "It is the duty of the lawyer to maintain towards the courts a respectful attitude, not for the sake of the temporary incumbent of the judicial office, but for the maintenance of its supreme importance."

As stated, much of plaintiffs' brief is devoted to argument and citations in an effort to prove that our former decisions are..incorrect. We think they are correct.

The judgment of the trial court is affirmed. All concur.