ODOM et al. v. LANGSTON et al.

No. 765.

District Court, W. D. Missouri, S. D.
Jan. 26, 1948.

652

E. C. Hamlin, of Springfield, Mo., and J. N. Burroughs, of West Plains, Mo., for plaintiffs.

A. W. Landis, of West Plains, Mo., and Elliott H. Jones and A. D. Scarritt, both of Kansas City, Mo., for defendants.

REEVES, District Judge.

The defendants have moved to dismiss the above cause for the several reasons (a) that plaintiffs' petition or complaint fails to state a cause of action; (b) that all matters covered by the complaint have been heretofore adjudicated, and (c) that the action, if any existed, is now barred by the five year statute of limitations, Laws of Missouri.

The defendants have filed briefs of the authorities in support of their contention. The plaintiffs have filed nothing and have assigned no reason why the motion should not be sustained. It is the duty of the court, however, to examine the motion and all the pleadings and to take judicial notice of the many cases to which the defendants call attention.

It appears from the cases cited by the defendants that this identical litigation has been before the courts of Missouri repeatedly. In such proceedings every phase of the case and particularly all matters and questions raised by the plaintiffs here have been fully and exhaustively adjudicated. It appears, moreover, that the repeated suits by the plaintiffs have presented an aspect of vexatious litigation and had done so long before this suit was filed. By reason of such persistent litigation one of the circuit courts of Missouri in which an action was pending granted an application on a cross-complaint for a permanent injunction against the plaintiffs, enjoining them from further litgation. Such action of the trial court was affirmed by the Supreme Court of Missouri. An examination of the Supreme Court cases reveals justified impatience with the persistency of the plaintiffs in continuing the litigation.

1. This action is one for a declaratory judgment. Plaintiffs pray the court to, "determine the true meaning and construction of the residuary clause of the will, it being paragraph 'eleven'; that the Court declare the validity or invalidity of said paragraph eleven of the will and its various provisions and declare the rights, status and legal relations of the plaintiffs under the will; and for such other and further declaratory judgment, order or relief as

may be just and proper." In the case of Odom v. Langston, 205 S.W.2d 518, between the same parties, Judge Clark, Division 1 of the Supreme Court of Missouri, not only approved an injunction against further litigation granted by the trial judge, but carefully reviewed the history of the litigation. That action involved the identical questions presented here. It appeared that the Supreme Court had passed on varying phases of the questions involved between the same parties: 347 Mo. 1201, 152 S.W.2d 124; 351 Mo. 609, 173 S.W.2d 826; 355 Mo. 109, 195 S.W.2d 463; 355 Mo. 115, 195 S.W.2d 466.

From an examination of these authorities it not only shows that the questions raised by plaintiffs have been adjudicated but that they have been repeatedly adjudicated.

2. That the case is barred by limitation there can be no question, not only from the facts, but by adjudication of the Supreme Court in the case of Odom v. Langston, 195 S.W.2d 463. It was there held that the right of action, if any, accrued to the plaintiffs on May 17, 1938. At that time, said the court, limitation began to run, and at the end of five years, or by May 17, 1943, the plaintiffs were precluded from instituting an action, perforce the provisions of Section 1014, R.S.Mo.1939, Mo.R.S.A.

3. While ordinarily in many cases the bar of the statute of limitations should be raised by answer, such is not necessary in this case for the reason that it is the duty of this court to take judicial notice of the Missouri cases and particularly the decisions in this case. It is the law that the judicial decisions of the states are judicially noticed by the federal courts when exercising original jurisdiction. 31 C.J.S.Evidence, § 15, and a multitude of cases cited.

Since it has been judicially found that this particular action is barred by limitation this court should take notice of the fact and refuse to entertain the action.

4. Moreover, this court has been properly advised that the plaintiffs are under perpetual injunction by the state courts of Missouri from prosecuting this action. It is the law that if the attention of the court is properly called to the fact that a party has been enjoined from proceeding, it will usually not permit the party to disobey the injunction and will stay the proceeding out of respect for the court issuing the injunction. 43 C.J.S.Injunction, § 50.

It is noticed that the plaintiffs are under a perpetual injunction, and it would therefore be useless to make an order merely staying the proceeding as obviously the case could never be tried. Under such circumstances it should be dismissed, for, upon all of the grounds above mentioned, this action cannot be maintained. The court should not entertain the action and, therefore, an order of dismissal ought to and will be made.