A. D. ODOM ET AL., Appellants, v. LOUISE W. LANGSTON ET AL.—No. 39690.—195 S. W. (2d) 466.

Division One, June 10, 1946.

Rehearing Denied, July 8, 1946.

116

*J. N. Burroughs, Frank B. Williams,* and *Joe N. Brown* for appellants.

120

*A. W. Landis, Arch A. Johnson, Herman Pufahl, Robert L. Hyder, A. D. Scarritt* and *Elliott H. Jones* for respondents.

CLARK, J.—Plaintiffs, as heirs of Barsha A. Langston, deceased, on September 28, 1943, sued for a declaratory judgment to test the validity of a trust instrument executed by her. The trial court sustained separate motions of defendants to dismiss the petition on the ground that it "fails to state facts sufficient to constitute a cause of action in plaintiffs, or to state a claim entitling plaintiffs to relief . . . " Plaintiffs declined to plead further, judgment was rendered against them and they have appealed.

In November, 1935, Barsha A. Langston executed the trust instrument transferring to named trustees personal property of the value of about $95,000.00 with directions to pay the net income to the grantor during her life, then to Louise W. Langston during her life or widowhood and then to pay fifty per cent of the trust fund in specified proportions to certain named institutions and fifty per cent to trustees for the erection of a memorial. Barsha A. Langston died testate in April, 1938. Her will, probated in common form in May, 1938, contained certain specific bequests and a residuary clause by which she devised and bequeathed the remainder of her estate to the same trustees, for the same purposes and on the same terms as specified in the trust instrument.

In December, 1938, plaintiffs filed a suit to contest the will. The trial court directed a verdict sustaining the will. On appeal we reversed and remanded the case. [347 Mo. 1201, 152 S. W. (2d) 124] On a re-trial the will was again sustained and plaintiffs appealed, but dismissed their appeal. In February, 1941, plaintiffs sued to set aside the trust instrument, executed in 1935. The trial court sustained a demurrer to this petition and we affirmed the judgment rendered against plaintiffs, [351 Mo. 609, 173 S. W. (2d) 826]. In April, 1944, plaintiffs filed suit to have the residuary clause in the will of Barsha A. Langston declared void. On defendants' motion, the trial court dismissed the case as barred by the five year statute of limitations. Plaintiffs appealed to this court and we have affirmed the judgment in case number 39583, decided contemporaneously herewith, 355 Mo. 109, 195 S. W. (2d) 463.

In the instant case the sole question is: does the petition state facts sufficient to constitute a cause of action *in plaintiffs*, or to state a claim entitling *plaintiffs* to relief? The words we have emphasized indicate that the petition must not only state an abstract cause of action in *some* person or persons, but it must state a cause of action in *plaintiffs*. The petition must show that plaintiffs have a right to the relief prayed. On that question respondents say our opinion in 351 Mo. 609, 173 S. W. (2d) 826 is res judicata. In that case these same plaintiffs attacked this same trust instrument on the ground that it was obtained by fraud and undue influence. The petition showed that Mrs. Langston left a will, the residuary clause of which, it was alleged, contained the same provisions as the trust instrument, and that her estate was in process of administration by an administrator pendente lite. We held that the right of action, if any, to attack the trust instrument and recover the trust property was in the administrator or executors and not in the plaintiffs as heirs of Mrs. Langston. We further indicated that plaintiffs, as heirs, never could have an interest in the property transferred by the trust instrument until the will, or at least the residuary clause thereof, be set aside; because, if the trust instrument be set aside, the residuary clause of the will, if valid, will devise the trust property to others than the plaintiffs.

That the trust instrument is assailed on different grounds in the instant suit does not prevent our former opinion from being res judicata as to appellants' right to sue, but there are other differences in the petitions in the two cases. The former petition sets out neither the residuary clause of the will nor the trust instrument. It stated the conclusion that the residuary clause is identical with the trust instrument, but the latter was mentioned and set out only as an exhibit which, under the practice then in vogue, could not be considered as a part of the petition. In the instant case both the residuary clause and the trust instrument are properly before us. Also appellants have attempted to supply other deficiencies in their petition as to their right to by-pass the legal representatives of the estate and bring suit as heirs. Although appellants must show the invalidity of the residuary clause in order to establish their right to inherit as heirs, the prayer of the instant petition does not ask that the residuary clause be declared invalid. It seeks relief against the trust instrument alone and this is conceded by appellants' brief as follows:

"In one way of looking at the matter, the trust should be held illegal because of its own inherent vices, and the residuary clause of the will should be held illegal because of its own inherent vices, and thus the rights of the heirs to have an accounting from the trustees in both trusts as to the separate trust properties would be established. This could be either in one action or in separate actions. It happens by dismissing the will count in the Declaratory Judgment action and

the trust count in the will action, the heirs are asking that it be done in separate actions. But this fact does not in any way militate against their right to have it done.''

Appellants are seeking to assail the residuary clause in one action [cause Number 39583, filed in April, 1944, and now pending in this court] and to interpret and assail the trust instrument in another action. [The instant suit, filed September 28, 1943.] In case Number 39583, our opinion holds that appellants' cause of action to assail the residuary clause of the will accrued on May 17, 1938, and became barred by the statute of limitations within five years from that date, to wit, May 16, 1943.

The results of previous litigation are: the validity of the will as a whole has been finally determined and appellants have become barred from directly attacking the residuary clause of the will. We think our former opinions were correctly ruled and that they pose a serious question as to the right of appellants. to maintain the instant suit. But, under the extraordinary situation presented here, we deem it proper to consider' the contentions made by appellants as to the validity of the trust provisions.

The petition in the instant case directly assails' the trust instrument alone, but it shows that the provisions of that instrument are identical with those in the residuary clause. Therefore, if the, trust is illegal or impossible in the one instrument it is just as much so in the other. and, if such invalidity is established, the residuary clause would convey the property to no one and it would descend as intestate property. Thus, it is proper to consider the provisions of the trust instrument which are as follows: It authorizes the trustees to encroach upon the corpus of the trust fund for the benefit of the life beneficiaries in the event of certain emergencies, and reserves the right in the grantor to revoke the trust in whole or part during her lifetime; the trustees shall pay the net income to Barsha A. Langston during her life, then to Louise W. Langston ·during her life or until her remarriage; then the trust shall cease and the corpus remaining be paid out as follows: five per cent to Board of Trustees or governing body, by whatever name called, of the First Methodist Church, South, of West Plains, Missouri; ten per cent to Board of Trustees, etc., of the First Presbyterian Church, of West Plains, Missouri; twenty-five per cent to Board of Trustees, etc., of Central College, Fayette, Missouri; ten per cent to Board of Trustees, etc., of the Masonic Home of Missouri, of St. Louis; fifty per cent to trustees hereafter named ''for the erection or creation of a monument, to be known as the Samuel J. Langston and Barsha A. Langston Memorial, which will be situated in the city of West Plains, Mo., and be built or created and maintained under the direction of the following individuals; the mayor, two commissioners and president of Chamber of Commerce of West Plains, the president of Chapter C. M. of

Missouri P. E. O. Sisterhood, the Worthy Matron of West Plains Chapter 193, Order of Eastern Star, who are authorized and empowered to decide upon the type, style and location, within the City of West Plains, Missouri, of said memorial.''

Appellants say the trust instrument failed to vest title in the trustees at the time of its execution because of the power of revocation retained by the grantor. Even if that contention be sound, which we do not concede, the property passed by the residuary clause of the will and vested title in the same trustees for the same purposes immediately upon the death of the grantor.

The trust instrument contains a restriction on the anticipation or alienation of their interests by the beneficiaries. This does not invalidate the trust. This restriction could only apply during the life of Louise W. Langston for, upon her death, the trust will cease and the beneficiaries will receive their shares in cash.

The permission for the trustees to encroach upon the corpus for the benefit of Louise W. Langston in certain emergencies does not injuriously affect the trust. Cases cited by appellants on this contention hold that where one provision of a will gives a devisee the entire income or a life estate in property a later provision attempting to authorize trustees to withhold a portion of the income is invalid; or that where the portion which the beneficiary is to receive is uncertain, the trust is invalid. No such questions are in the instant case. Louise W. Langston is definitely to receive the entire net income during her life or widowhood, and *may* receive a portion of the corpus in an emergency.

There is no merit in appellants' contentions that the provisions for the named religious, educational and benevolent institutions are vague and indefinite. Those provisions merely direct the trustees to make cash payments in definite proportions to the board or body authorized to receive same for each named institution after the termination of the trust by the death or marriage of Louise W. Langston. Appellants cite constitutional provisions restricting the power of religious bodies to hold real estate. They do not apply here because, whether the trust is created by the trust instrument or the residuary clause, only personal property is involved. The trust instrument describes personalty only and the will provides for conversion of real estate to personalty. No case cited by appellants supports their contentions as to the matters we have thus far discussed.

The remaining provision of the trust, that directing the trustees at Louise W. Langston's death or remarriage to pay fifty per cent of the corpus to designated trustees for the erection of a monument or memorial, deserves more extended discussion. As to this provision, appellants make objections: that it is invalid as an attempt to create a trust upon a trust; that it is too indefinite to be enforced, and violates the rule against perpetuities. On the first contention

appellants cite Sell v. West, 125 Mo. 621, 28 S. W. 969, and Trautz v. Lemp, 329 Mo. 580, 46 S. W. (2d) 135. Those cases follow the general rule, with which we agree, that a trust can only be created at the time of the transaction or execution of the trust instrument, and not to commence in the future. The provision now considered does not violate that rule for the equitable title to fifty per cent of the corpus, subject to possible encroachment for the benefit of Louise W. Langston, is vested in the trustees for the memorial at the death of Barsha A. Langston and only the management and possession are postponed until the death or remarriage of Louise W. Langston.

Appellants cite cases from other states, typical of which is Bates v. Bates, 134 Mass. 110, holding that "a provision in a will, establishing a fund for the preservation, adornment and repair of a private monumental structure, creates a perpetuity for a use not charitable, and is void." However, in Missouri a statute authorizes the spending of a "reasonable" amount for a monument, with court approval, even where no testamentary provision authorizes it; [Sec. 181, R. S. Mo. 1939, Mo. R. S. A.] and, of course, a similar provision in a will would be valid. Query: would a testator have the right to determine what portion of his estate would be "reasonable" for such purpose? The provision of the Langston will speaks of a "monument" and a "memorial" and uses the terms interchangeably. Either term may mean "any thing by which the memory of a person, thing, idea, art, science or event is preserved or perpetuated." [Black's Law Dictionary, 3rd Ed. p. 1202.] The will provides that the monument shall be designated as a memorial to testator and her deceased husband, but that fact alone does not make it a private charity. [Parsons v. Childs, 345 Mo. 689, 136 S. W. (2d) 327; Bogert on Trusts, Vol. 2, p. 1109, sec. 364.] The will does not prescribe the type of memorial. It expressly leaves that function to the trustees named and does not restrict them to the erection of a private charity, so long as it bears the Langston name. Indeed, by naming as trustees city officials, officers of fraternal orders and of a chamber of commerce, it would seem that testator had in mind some kind of a public charity. Vesting discretion in the trustees to select the type of charity does not invalidate the trust, [Standley v. Allen, 349 Mo. 1115, 163 S. W. (2d) 1012] and we cannot presume that they will illegally or improperly exercise their discretion.

We have carefully examined the contentions of appellants and the cases cited in support of them and hold that the petition fails to state facts showing invalidity in the trust, or any provision thereof. Therefore, the trial court did not err in sustaining respondents' motion to dismiss the petition and the judgment is hereby affirmed. All concur.