[Civ. No. 16081.   Second Dist., Div. One.   Mar. 9, 1948.]

LOUIS DAVIS, JR., Appellant, v. F. WALKER BOLTZ et al., Respondents.

James E. Pawson and William Kinley for Appellant.

Overton, Selig & Wilson and Paul Overton for Respondents.

DORAN, J.—The complaint in the within action contains two causes of action, one for declaratory relief and one for damages for breach of contract. A demurrer, general and special, was sustained. Plaintiff having failed to amend, the action was dismissed under section 581 of the Code of Civil Procedure. Plaintiff appeals from the judgment of dismissal.

It is contended on appeal that, "the complaint disclosed an actual controversy under a written instrument, which would entitle the plaintiff to a declaration of rights under the provisions of section 1060 of the Code of Civil Procedure of the State of California."

The basis of the action consists of two letters: one by plaintiff to defendant, and defendant's reply thereto. They related to a financing plan for the purpose of expanding de-

fendant's business, the sale of a portion of defendant's stock to plaintiff and the employment of plaintiff by defendant; compensation for plaintiff's services in obtaining the capital for expansion referred to in the correspondence was also included.

The complaint merely alleges, "That plaintiff relied upon said agreement so made and for the compensation set forth therein and actually performed the services so agreed upon and set forth in said agreement and was successful in securing for defendants the financing in accordance with said agreement." and, "That the defendants, and each of them, have refused and still refuses to carry out their portion of said agreement although demand has been made upon them to do so prior to the filing of this action."

The complaint includes as exhibits the letters or agreement referred to. An examination thereof reveals that in plaintiff's letter to defendant the following appears, "Should I be successful in accomplishing the sale of the 49% interest in the shares owned or controlled by you and obtain the proceeds of $1,000,000.00 of securities for the expansion of the company and you accept the terms of the investment bankers, I shall be compensated in the following manner. . . ."

Thus it will be seen that the defendant reserved the right to determine whether "the terms of the investment bankers" were acceptable. There is nothing ambiguous or uncertain in the writings and in the absence of allegations more specific than the complaint contains, a valid cause of action for declaratory relief is not set forth. The decisions relied on by appellant are not in point. The demurrer was properly sustained.

The judgment is affirmed.

York, P. J., and White, J., concurred.