**FIRST NAT. BANK OF GALVESTON v. TRINITY PROTESTANT EPISCOPAL CHURCH OF GALVESTON et al.**

**No. 12085.**

Court of Civil Appeals of Texas. Galveston.

April 7, 1949.

Royston & Rayzor and M. L. Cook, all of Galveston, for appellant.

Owen D. Barker and Edward W. Watson, both of Galveston, for appellees.

GRAVES, Justice.

This appeal by appellant-Bank is from a judgment of the 56th District Court of Galveston County, sitting without a jury, construing the will of Mrs. Jessie Barbour McVitie, deceased, and especially the Fourth Paragraph thereof, as having conferred upon the appellee-Church the fee simple title to her home, therein devised to it, with the consequent right inuring to the Church to sell the same, clear of any restriction or condition requiring its continued use as a rectory, as being in conformity to the concluding sentence thereof.

The Bank, as her named independent executor and trustee, in this Court, as it did below, challenges such construction upon its contrary contentions, which are thus stated in its brief:

"(1) A will devising property to a church to be used as a rectory, or for some religious purpose in connection with said church, as a memorial to the testatrix's husband, creates a conditional estate, which reverts to testatrix's estate, if abandoned for the purposes provided for in the will.

"(2) Extrinsic evidence is admissible to show the intention of testatrix, as to the meaning of words used in the will."

The trial court supported its judgment by appropriate findings of both fact and law.

It finds that Paragraph Four of the will was substantially as follows:

"I give and bequeath to the Trinity Protestant Episcopal Church, of Galveston, my residence and home described upon the map of the City of Galveston as being one hundred and fifty-five feet on Tremont Street with a depth of one hundred and sixty feet, being the Northeast corner of the Northeast Block of Outlot No. 17, together with all improvements situated thereon, or appurtenant thereto, together with the following articles of furniture, to-wit: (here is listed a lengthy itemization of furniture of all kinds); to be used by said Church as a Rectory, or for some religious purpose in connection with said Church. I give this as a memorial to my beloved husband, William A. McVitie".

The substance of its first conclusion of law was this: "I conclude that the language used in Paragraph Fourth of the will of Jessie Barbour McVitie, and particularly the language '* * * to be used by said church as a rectory, or for some other religious purpose in connection with said church. I give this as a memorial to my beloved husband, William A. McVitie.', did not create or establish any limitation, condition, or restriction upon the title acquired by said church, and that under said will said church has a legal right to cease to use said property, * * * as a rectory, or for any other church purpose, and has the right to sell and dispose of said property, free and clear of any restrictions, conditions or limitations of title claimed by defendants to exist under and by virtue of the terms and provisions of said will."

Appellant cites these authorities as supporting its stated contention, but in connection therewith, as to its major claim for its construction, recites this: "No case directly in point has been found." Lockett v. Wood, Tex.Civ.App., 84 S.W.2d 798; Odom v. Langston, 355 Mo. 115, 195 S.W.2d 466; Hunt v. White, 24 Tex. 643; Darragh v. Barmore, Tex.Com.App., 242 S.W. 714; Packard v. De Miranda, Tex.Civ.App., 146 S.W. 211; Kuehn v. Bremmer, Tex.Civ.App., 132 S.W.2d 295; Williams

v. Smith, Tex.Civ.App., 200 S.W.2d 201; Jackson v. Templin, Tex.Com.App., 66 S. W.2d 666, 92 A.L.R. 873.

The appellee-Church, on the other hand, in upholding the judgment as rendered, urges: (1) that the quoted devise did not create an estate on condition, which would cause its reversion to the testatrix's estate, if the home should be abandoned for the uses so provided for in the will, as the Bank contended, and further, (2) that the letter, written by the testatrix approximately 4 months before the execution of her will, upon which the Bank relied in support of its contention that such reverter did result, was not—under Texas authorities, at least—admissible as an aid in construing a will.

■ This Court is constrained to hold that the trial court was correct, and not only gave the proper construction to the will, but was further right in its ruling that the letter was not admissible as being in aid of the construction of the will.

These authorities, it is thought, support the 2 several conclusions thus made: Article 1291, Vernon's 1948 Texas Statutes; Farnham v. Thompson, 34 Minn. 330, 331, 26 N.W. 9, 57 Am.Rep. 59; Hughes v. Gladewater Ind. Sch. Dist., 124 Tex. 190, 76 S.W.2d 471; Lewis v. Brubaker, 322 Mo. 52, 14 S.W.2d 982; Dong v. Moore, 19 Tex.Civ.App., 363, 48 S.W. 43; McDowell v. Harris, Tex.Civ.App., 107 S.W. 2d 647; Olcott v. Gabert, 86 Tex. 121, 23 S.W. 985; Ryan v. Porter, 61 Tex. 106; St. James Parish v. Bagley, 138 N.C. 384, 50 S.E. 841, 70 L.R.A. 160; Taylor v. First National Bank, Tex.Civ.App., 207 S. W.2d 428; Toole v. Christ Church, Tex. Civ.App., 141 S.W.2d 720; Watts v. City of Houston, Tex.Civ.App., 196 S.W.2d 553; Whitmore v. Church of Holy Cross, 121 Me. 391, 117 A. 469; Winfree v. Winfree, Tex.Civ.App., 139 S.W. 36.

Indeed, it seems clear that, under the plain terms of the Texas Statute, Article 1291, Vernon's 1948 Texas Statutes, as consistently construed by our courts, no other construction is permissible in this instance; that is, its express provision that every estate in lands shall be deemed a fee simple, if a less one be not limited by express words, or does not appear to have been granted, conveyed, or devised by construction or operation of law, as in effect held many times in the cases cited, requires the language of this "Fourth Paragraph" to be likewise so construed.

Moreover, its concluding recitation, denoting that such grant was made of this home as a rectory for the Church, and as a memorial to the testatrix's husband, could not be regarded as implying that the grant was conditional. See Hughes v. Gladewater, Ryan v. Porter, Olcott v. Gabert, and Long v. Moore, supra.

■ In other words, as applied to the legal equivalent of the facts before the Court here, it is held that both the appellant's contentions have been ruled by the cited authorities in Texas contrarily, and that it would be going in the face of well-settled precedents for this Court to undertake to hold differently now. Especially so as to the trial court's ruling that the contents of the letter,—written by the testatrix to one of the residuary-legatees under the will some four months prior to its execution, in which, at great length, she outlined her thoughts and purposes about leaving her home to the Church for it to use as a rectory and as a memorial to her deceased husband,—were inadmissible as aiding in the construction of the subsequent will itself; since all that was wholly extrinsic, and at most, only included declarations or expressions by her as to what she then intended, when she came later to make her will; indeed, the authorities above cited, with one voice, seem to hold that the intention of the testator in the actual making of a will must be obtained from the language of the will itself, and that alone.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.