**ST. LOUIS, MISSOURI, PAPER CARRIERS UNION NO. 450, Appellant,**

v.

**PULITZER PUBLISHING COMPANY, a corporation, and Globe-Democrat Publishing Company, a corporation, Appellees.**

No. 16992.

United States Court of Appeals
Eighth Circuit.

Nov. 19, 1962.

Gideon H. Schiller, of Ackerman & Schiller, Clayton, Mo., and Raymond Harris, of Harris & Fortus, Clayton, Mo., filed brief for appellant.

Gaylord C. Burke and William M. Howard, of Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., filed brief on behalf of appellee The Pulitzer Publishing Company.

Lon Hocker, of Hocker, Goodwin & MacGreevy, St. Louis, Mo., filed brief on behalf of appellee Globe-Democrat Publishing Company.

Before VOGEL and VAN OOSTERHOUT, Circuit Judges, and VAN PELT, District Judge.

VAN PELT, District Judge.

This case involves the question of whether the relief prayed for by appellant was within the sole jurisdiction of the National Labor Relations Board and whether the issues so presented can be raised in a declaratory judgment action.

The trial judge sustained motions to dismiss as to both counts of the complaint. This appeal relates to the dismissal of count one only. The trial court held that there is no dispute under the present contract between the appellant union whose members are newspaper carriers in St. Louis and in certain adjacent areas, and the appellee newspapers; that a declaratory judgment would be advisory only and would not be binding upon the National Labor Relations Board; that future contracts and negotiations are exclusively within the jurisdiction of the board. We affirm the trial court.

In the first count of the complaint it is claimed that the union has endeavored from time to time to negotiate with the newspapers on the matter of compensation, and that the newspapers have refused, saying an agreement with the union pertaining to compensation would be an agreement to fix prices of articles in commerce and would be in violation of the antitrust laws. The union further claims that a controversy exists between the parties as to the union's status and right to negotiate compensation on behalf of its members. Error is not assigned as to dismissal of count two and reference to its contents is unnecessary.

The prayer of count one of the complaint is for a declaratory judgment that appellant is a labor organization within Title 15 U.S.C.A. § 17; has the right to negotiate with appellees with respect to the compensation received by its members and that an agreement ensuing therefrom would not be in violation of Title 15 U.S.C.A. § 1 and the following sections.

The questions presented are:

1) whether there has been sufficient compliance with the rules of this court that we can consider the appeal on its merits;

2) whether a case of actual controversy exists within the definitions of the declaratory judgment act; and

3) whether the jurisdiction of the National Labor Relations Board is exclusive in determining collective bargaining rights on the matter of compensation.

As to the first question it is not claimed that appellee has been injured and compliance now being had, we conclude to consider the appeal on its merits.

We next consider whether a case of actual controversy exists which warrants use of the declaratory judgment procedure.

 In some situations a suit for declaratory judgment may be employed to interpret the federal anti-trust laws. Rambusch Decorating Co. v. Brotherhood of Painters, Cir. 2, 105 F.2d 134, cert. denied, 308 U.S. 587, 60 S.Ct. 110, 84 L.Ed. 492. The Declaratory Judgment Act requires "a case of actual controversy." As Chief Justice Hughes stated in Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617:

"It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."

And Mr. Justice Murphy wrote in Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826:

"Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

This case is not brought under an existing contract. We conclude that the complaint does not present "a case of actual controversy" under the Declaratory Judgment Act with respect to the applicability of the anti-trust laws.

Prolonged discussion of the third question is unnecessary. Insofar as the alleged improper refusal of the appellee newspapers to bargain on the matter of compensation of union members is concerned, the remedies available to the union, if any, fall within the exclusive jurisdiction of the National Labor Relations Board under the National Labor Relations Act, Title 29 U.S.C.A. § 151, et seq. See San Diego Building Trades Council, etc., v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775.

We affirm the trial court.