Cad NATIONS and M. F. A. Mutual Insurance Company, Plaintiffs-Appellants,

v.

Arthur RAMSEY and Myra Ramsey, Defendants-Respondents.

No. 8350.

Springfield Court of Appeals.

Missouri.

Feb. 11, 1965.

James E. Reeves, Ward & Reeves, Caruthersville, for plaintiffs-appellants.

James C. Bullard, Dalton & Treasure, Kennett, for defendants-respondents.

RUARK, Presiding Judge.

This is an appeal from a judgment dismissing a petition for declaratory judgment on the ground of failure to state a claim upon which relief can be granted.

The petition of plaintiffs-appellants Nations and M.F.A. Mutual Insurance Company charged that M.F.A. insured the liability of Nations in the operation of his automobile; that Nations had a collision with an automobile in which Helen Ann Ramsey, a minor, was riding. Helen Ann Ramsey claimed she was injured and thereafter defendants Arthur Ramsey and Myra Ramsey, individually and as parents of Helen Ann, did settle and release all claims against Nations and M.F.A. and agreed to indemnify them for all costs and damages incurred as a result of any action which might be brought by such minor. Thereafter, Helen Ann Ramsey, by defendant Arthur Ramsey, as next friend, brought suit against Nations on account of the injuries in the aforesaid collision, and

"6. Plaintiffs state that by the institution of the aforesaid action by Helen Ann Ramsey the defendants have breached their contract and indemnifying agreement and have caused and will continue to cause the plaintiffs loss, expense and damage by reason of the aforesaid breach.

"7. The defendants deny that they are obligated under the aforesaid contract and indemnifying agreement to reimburse plaintiffs for the cost and expenses incurred by reason of the prosecution of the aforesaid suit; there is an actual controversy between the parties concerning the construction and legal operation of the aforesaid contract and indemnifying agreement, and

plaintiffs are entitled to a declaration of its (sic) right arising under the said instrument.

"WHEREFORE, plaintiffs pray that the Court decree and declare that the aforesaid contract and indemnifying agreement is lawful and binding and that the defendants are liable to plaintiffs for all costs, damages or costs, including attorneys fees, court costs, expenses of investigation, the amount of any judgment, if any, obtained by Helen Ann Ramsey against plaintiff, Cad Nations, and any other expenses incurred by plaintiffs arising out of the institution and maintenance of the aforesaid damage suit against plaintiff, Cad Nations, in violation of the aforesaid instrument."

Attached to and incorporated in the petition is the indemnifying release as follows:

"FOR THE SOLE CONSIDERATION of One Hundred Fifty and 00/100 ($150.00) Dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned, individually and as parents and natural guardians, hereby release and forever discharge Cad C. Nations, his heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or who might be claimed to be liable, none of whom admit any liability but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of whatsoever kind or nature, and particularly on account of bodily injuries sustained by Helen Ann Ramsey, a minor 19 years of age, or arising out of damage or loss, direct or indirect, sustained by undersigned in consequence of an accident on or about the 13 day of December, 1961, at or near on Independence Street in Kennett, Mo.

"As further consideration for payment of said sum, undersigned hereby agree to protect the said Cad C. Na-

tions and M.F.A. Mutual Ins.' Co. against any claim for damages, compensation or otherwise on the part of said minor or any other party, growing out of or resulting from injury to said minor in connection with the above-mentioned accident, and to reimburse or make good any loss or damage or costs that the said parties may have to pay if any litigation arises from said injuries; and undersigned hereby waive any and all rights of exemption, both as to real and personal property, to which undersigned may be entitled under the laws of this or any other state as against such claims for reimbursement or indemnity by the said parties."

We do not understand that plaintiffs seek a construction of the instrument as constituting a valid release of the minor's claim. If so, or if it were contended that the minor has no right to maintain her pending suit by her father as next friend, such could be pleaded and advanced in that action. Nor does the petition allege that defendants claim damages resulting to them as parents for loss of services of Helen Ann, or that plaintiffs fear that such contention will be made. If we interpret the petition correctly, it seeks a judicial determination *that Arthur and Myra Ramsey are liable to indemnify the plaintiffs for any financial loss that plaintiffs may sustain in the pending action by the minor.*

The petition states that defendants deny they are obligated on the contract and "there is an actual controversy between the parties concerning the construction and legal operation of the aforesaid contract and indemifying agreement." But what *is* the controversy? What language, words, or portion of the agreement is in doubt or dispute? We are not able to ascertain any doubtful language from reading it. It does not appear on its face to be ambiguous in any respect. The petition does not point out or set forth anything which appears to require construction, and the appellants in their brief and argument do not point out any. The contention of the petition is as

to the *construction and legal operation of the contract*. We do not understand it to assert that there is any factual disagreement in regard to the execution of the instrument or in respect to any claim of fraud, misrepresentation, et cetera. Nor do appellants in their written brief or argument suggest that the language of the petition should be taken as encompassing a possible factual situation. The fact that the infant with her father as next friend has filed suit is not, in and of itself, a repudiation of the obligation of the defendants to indemnify, although we can speculate that there might ultimately be such repudiation.

We recognize that when a petition is to be interpreted *against demurrer attack it should be liberally construed, and its language should be given every fair and reasonable intendment.* City of Creve Coeur v. Creve Coeur Fire Pro. Dist., Mo., 355 S.W.2d 857(4); Kalberloh v. Stewart, Mo.App., 378 S.W.2d 820, 822. We also recognize that the test as to the sufficiency of the petition for declaratory judgment is not whether the plaintiff is entitled to the relief prayed for, but whether he is entitled to a declaration of rights or status on the facts pleaded. 26 C.J.S. Declaratory Judgments § 142, p. 337, § 136, p. 310 et seq.; Transport Mfg. & Equip. Co. v. Toberman, Mo., 301 S.W.2d 801(1); Magenheim v. Board of Education, Mo.App., 347 S.W.2d 409, 416. But we also understand that the declaratory judgment act, while it is to be interpreted liberally, *is not a general panacea for all real and imaginary legal ills, nor is it a substitute for all existing remedies.* It should be used with caution.[1]

And except in exceptional circumstances plainly appearing, it is not to be used and applied where an adequate remedy already exists.[2] The petition must present a sufficiently complete state of facts constituting issues ripe for determination, and presenting a controversy which admits of specific relief of conclusive character as distinguished from one which is purely advisory. Mere disagreement in regard to a legal or factual question is not, in and of itself, adequate ground for the use of the declaratory judgment process.[3] If the petition does not show uncertainty as to the pleader's rights and status, it is not sufficient. Koenig v. Koenig, Mo.App., 191 S.W.2d 269, 272; see St. Louis, Mo., Paper Carriers Union No. 450 v. Pulitzer Pub. Co. (8th Circuit) 309 F.2d 716; Odom v. Langston, 355 Mo. 115, 195 S.W.2d 466. As a general proposition one may not seek a declaration to determine future rights or controversies in anticipation of events that have not occurred (Glasgow v. Fox, Tenn., 383 S.W.2d 9 [4]; see Farmers Underwriters Association v. Fales (W.D.Mo.) 142 F.Supp. 862, 865), or merely because he fears the defendant may assert a claim against him (1 C.J.S. Actions § 18 d(9), p. 1031; see Maryland Casualty Co. v. Tindall (8th Circuit) 117 F.2d 905), or because he has a good defense to a pending or imminent action. State ex rel. United States Fire Ins. Co. v. Terte, 351 Mo. 1089, 176 S.W.2d 25, 30. There must be a "sufficient immediacy" so that the court should on the basis of the controversy stated, proceed to determine it. Indemnity Ins. Co. of North America v. Kellas (1st Circuit) 173 F.2d 120.

1. 26 C.J.S. Declaratory Judgments § 19, p. 87; Liberty Mut. Ins. Co. v. Jones, 344 Mo. 932, 130 S.W.2d 945, 953, 125 A.L.R. 1149; Koenig v. Koenig, Mo.App., 191 S.W.2d 269, 272; City of St. Louis v. Crowe, Mo., 376 S.W.2d 185, 189; Buford v. Lucy, Mo., 328 S.W.2d 14, 18.

2. 1 C.J.S. Actions § 18d(8), p. 1027, 26 C.J.S. Declaratory Judgments § 18, p. 85; Glueck Realty Co. v. City of St. Louis, Mo., 318 S.W.2d 206, 211; Kalberloh v. Stewart, Mo.App., 378 S.W.2d 820, 823; State ex rel. Kansas City Bridge Co. v. Terte, 345 Mo. 95, 131 S.W.2d 587(2), 124 A.L.R. 1331.

3. M. F. A. Mut. Ins. Co. v. Hill, Mo., 320 S.W.2d 559(7, 8); Jacobs v. Leggett, Mo., 295 S.W.2d 825(14, 15); Fidelity & Cas. Co. of N. Y. v. Western Cas. and Sur. Co., Mo.App., 337 S.W.2d 566, 569; Tietjens v. City of St. Louis, 359 Mo. 439, 222 S.W.2d 70; City of Joplin v. Jasper County, 349 Mo. 441, 161 S.W.2d 411, 413.

280

■ A simple hypothetical situation illustrating our problem is: A executes his promissory note in standard form to B, payable in one year. Before the year expries A denies he owes the note, though it is not yet due. Upon that bare statement B wants to establish A's liability immediately by declaratory judgment. Is B entitled to maintain a declaratory judgment action by petition simply stating that A denies the note and there is a real controversy as to the construction and legal effect of the instrument? We think not. In such case the petition does not set forth the substance of any real controversy with uncertain rights which appeals to the real purpose of the declaratory judgment act, the basis of the controversy being speculative and not accrued; and also the holder has an adequate remedy by bringing suit on the instrument when it becomes mature on its face. If the matters pleaded, so generally and by mere conclusion, support the claim for relief prayed for, then the declaratory judgment proceeding could be used to supersede and replace all existing and recognized remedies. One of the purposes of the declaratory judgment act is to reduce, not add to, multiplicity of suits. Let us suppose that by this action plaintiffs secure a declaration that Arthur and Myra Ramsey are liable to reimburse plaintiffs for any loss or expenses (at present largely contingent) suffered because of the suit by Helen Ann Ramsey. It could not determine and adjudge *the amount of such liability*. That would have to await the final outcome of the pending suit of the minor. After that plaintiffs would have to institute further proceedings to recover the amount suffered. Thus, and in consequence, it would appear that the declaratory judgment act has been used to promote rather than reduce multiplicity in litigation.

4. Zayatz v. Southern R. Co., 248 Ala. 137, 26 So.2d 545, 167 A.L.R. 426, and annotation at 433.

5. City of Summerville v. Sellers, 82 Ga. App. 361, 61 S.E.2d 160; Davis v. Boltz,

Of the cases cited by the appellants, all but one deal with the constitutionality of or the construction of statutes or ordinances, or determination of liability under insurance policies. One, Dillard v. Thomas, 241 Mo.App. 773, 270 S.W.2d 548, deals with construction of a promissory note, but in that case the note showed on its face language susceptible of doubt and uncertainty as to the amount required to be paid.

■ It has been said that the distinction between a case "appropriate for judicial determination" under the declaratory judgment statute and a hypothetical or abstract difference or dispute is one of degree (Indemnity Ins. Co. of North America v. Kellas (1st Circuit) 173 F.2d 120). There is no unanimity of opinion in the cases generally as to whether a petition couched in general language such as the one we have here, states a valid claim for declaratory judgment. Some would indicate it does.[4] Others indicate this petition is not sufficient.[5] We are of the opinion that the petition does not state a claim upon which the relief prayed for can be granted and that the trial court was not in error in dismissing it. However, we are not sure that a situation may not develop ripe for determination by declaratory judgment action. In order to avoid future contention as to whether the present judgment would be res. adjudicata of any rights which plaintiffs may have, we believe the judgment should be modified so as to constitute a dismissal without prejudice. Kalberloh v. Stewart, Mo.App., 378 S.W.2d 820.

The judgment is so modified and as modified is affirmed.

STONE and HOGAN, JJ., concur.

84 Cal.App.2d 295, 190 P.2d 218; In re Hoelscher's Estate, 249 Iowa 444, 87 N.W.2d 446; Ayers v. Gen. Hosp., Inc., 67 Idaho 430, 182 P.2d 958, 959.