William H. FERRELL and the other members of the class herein defined, Plaintiffs,

Kathleen Ferrell Haralson, nee Kathleen M. Ferrell, Plaintiffs-Intervenors, Appellants,

v.

MERCANTILE TRUST COMPANY, N.A., Defendant-Respondent.

No. 34691.

Missouri Court of Appeals, St. Louis District, Division One.

Jan. 9, 1973.

Keefe, Schlafly, Griesedieck & Ferrell, St. Louis, for plaintiffs-appellants.

Thompson, Mitchell, Douglas, Neill, Guerri & Elbert, Angelo M. Pezzani, St. Louis, for defendant-respondent.

WEIER, Acting Presiding Judge.

Plaintiff, as life-beneficiary of a trust, filed a petition seeking a declaratory judgment and related relief to prevent defendant trustee from imposing higher charges for its services in the administration of the trust. The suit was brought as a class action. Plaintiff-intervenor was a contingent remainderman of the trust of which plaintiff was an income beneficiary. She sought and obtained permission to intervene. The trial court sustained defendant's motion to dismiss. We affirm.

This case had its origins in a letter dated October 6, 1971, written by an assistant trust officer of the defendant wherein he informed plaintiff William H. Ferrell that defendant trust company had adopted a new fee schedule for trust services on July 1, 1970, and that the new schedule would apply to the Ferrell trust upon its annual investment review after the expiration of price controls imposed by Presidential order. Under the new schedule it was estimated the new charge to the Ferrell trust would be approximately $463.00 per annum as compared to the previous charge of $160.00 for the year 1970. The letter stated there would be no retroactive application.

William H. Ferrell thereupon filed suit seeking a declaratory judgment and related relief. He alleged in his petition that he was the lifetime beneficiary of a trust created by the will of his deceased father. The will appointed defendant trustee but made no provision for payment of trustee's compensation for services. When the trust came into existence in 1958 the defendant imposed an annual charge of five per centum per annum of the income it disbursed. The new rates to be charged included not only a percentage of the gross income, but

also a quarterly charge on the principal of the trust estate. Plaintiff William H. Ferrell contended in his petition that the defendant, once having accepted the administration of the trust and having continuously charged the lower rate as its fee for services, may not now by unilateral action require the payment of more money, a part of which will be charged against the corpus of the trust.

Plaintiff William H. Ferrell alleged in his petition that he brought the action as a representative of a class of present and future beneficiaries of testamentary and living trusts of which defendant is trustee. He alleged there are over 2,000 trusts which fall into the category of being subjected to the unilateral action of the trustee in increasing its rates charged for services.

To the petition, defendant filed a motion to dismiss stating as grounds that the petition failed to state a claim upon which relief could be granted. Plaintiff then amended his petition by deletion of a paragraph that did not change the character of his action. The court thereupon sustained the motion to dismiss.

On appeal plaintiffs contend: 1) the petition states a cause of action because the trustee has no right to unilaterally increase its charges for administration; 2) the case may proceed as a class action because all members of the class seek a common relief and there is only one issue in the case common to all members of the class; and 3) even though this court may determine the case not to be suitable to bring as a class action, it has a duty to determine that the unilateral action of the trustee constitutes a breach of trust, and appropriate relief (we assume in accordance with the prayer of the petition) should be granted plaintiffs.

■ As to the first point, the announced intention of the trustee to increase its charges at some time in the future and adhere to a new rate schedule which not only imposes a percentage fee on gross income but also a charge on the corpus does not, under the law of this state, present a justiciable controversy. This is inherent in the way in which the compensation of a trustee must be determined and settled if a dispute arises. Missouri has no statute setting the fees and commissions of trustees. In the Ferrell trust, and in the other trusts described in the petition, no authorization for a method of charging for service was given the trustee in the trust instrument. No agreement with the testator prior to his death, nor any subsequent thereto with the beneficiaries and remaindermen, is alleged. Absent such agreement, any charge which is disputed is subject to judicial review as to reasonableness and must be submitted to a court of equity for approval and allowance. The trustee may not fix the amount which he is to take from the trust estate for his services. And in ordinary circumstances, absent direction in the trust instrument, trustee's commissions should be based upon the amount of yearly income received and paid out, not upon the management of the corpus except by and with court approval supported by justifying circumstances. Morrison v. Asher, Mo. App., 361 S.W.2d 844, 851 [11–13], and cases therein cited. While it is true that charges of trustees are usually based upon a percentage as a matter of convenience, the question for decision is not one of percentage but of fair and reasonable compensation for the services of the trustee. Kilpatrick v. Robert, 278 Mo. 257, 212 S.W. 884, 887 [4].

■ And so, here we have a situation where the petitioners seek a declaration that the defendant has no legal right to impose these new and higher charges against the Ferrell trust and the others which it administers, when the ultimate test as to the propriety of the charges and their reasonableness can only be made after the services have been rendered and charges have then been computed and announced. A court cannot anticipate the nature and extent of such future services, nor can it

say at this time, considering the power of the federal bureaucracy to freeze rates of compensation and the effect of competitive forces among corporate trustees, that the rates ultimately charged will be the same as those announced. A petition for declaratory judgment must present a sufficiently complete state of facts constituting issues ripe for determination, and present a controversy which admits of specific relief of a conclusive character as distinguished from one which is purely advisory. And as a general rule, one may not seek a declaration to determine future rights or controversies in anticipation of events that have not occurred, or merely because petitioner fears that another person may assert a claim against him. Nations v. Ramsey, Mo.App., 387 S.W.2d 276, 279 [5, 8]; Tietjens v. City of St. Louis, 359 Mo. 439, 222 S.W.2d 70, 71 [1–4].

■ Since the court was correct in its dismissal of the petition for the reasons above indicated, we need not discuss the merits of the second point raised by plaintiffs other than to say this: Since the relief sought must vary widely as to each trust, depending on the extent and nature of the services rendered, even if there were a justiciable controversy presented, Rule 52.09(d), V.A.M.R., in effect at the time of the court's action, would have prevented the maintenance of a class action. The rule prohibited such an action unless the decree would be binding upon all members of the class. Obviously, a different decision would have to be arrived at by the court as to each trust on the reasonableness of charges made. In one case the proposed schedule might be appropriate and in another excessive.

■ The final and third point relied on, that is that this court has a duty to determine that the unilateral action of the trustee constitutes a breach of trust, is answered in the negative by the response to the first point.

The judgment is affirmed, but this affirmance shall not be construed as a bar to any action brought in the future to determine the reasonableness of any charge made by the trustee after the services are performed.

CLEMENS and McMILLIAN, JJ., and JOHN M. CAVE, Special Judge, concur.