Charles F. HALL, E. G. Gover, Frank T. Gover, Dorothy O. Gover, E. B. Kinkead, Lola B. Kinkead and Edwin P. Gover, Appellants,

v.

Richard L. CURL, Colonel, Head of Missouri District, Corps of Engineers, United States Army, Appellee.

No. 77–1207.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1977.

Decided Dec. 6, 1977.

**620**

Albert W. Thomson (argued), and Al Lebrecht, Kansas City, Mo., on brief, for appellants.

Bert C. Hurn (former U.S. Atty.), and David M. Proctor, Jr., Asst. U.S. Atty. (argued), Kansas City, Mo., on brief, for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

The appellants are former homeowners in Benton and St. Clair Counties, Missouri. The ownership of their homes was acquired by the United States for the construction of the Harry S. Truman Dam and Reservoir. The appellants filed this suit below for a declaratory judgment, urging that they were entitled to the benefits of owners, rather than tenants, under the provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §§ 4601 et seq. (Act). The district court[1] dismissed the complaint, stating in part that it was extremely doubtful whether an actual case or controversy existed. We affirm.

The appellants' homes were acquired by the United States prior to January 2, 1971, the date the Act came into existence. The Corps of Engineers did not have immediate need for the homes, and they were rented back to the appellants under the authority of 10 U.S.C. § 2667. The leases between the government and the appellants expired on February 28, 1977. In the latter part of January 1976, one of the appellants apparently learned of a comptroller general holding that lessees who sold their homes before enactment of the Act are not entitled to the extra benefits afforded to owners. *See* 52 Comp.Gen. 300, 305 (1972). Acting upon this information, appellants commenced their present action.

In dismissing the appellants' complaint, the district court stated:

[I]t is clear that none of the plaintiffs have made any application for any benefit as either an owner or as a tenant.

---

1. The Honorable John W. Oliver, United States District Judge for the Western District of Missouri.

Until and unless some application is made and acted upon it is extremely doubtful whether it can even be said that an actual case or controversy exists between a particular plaintiff and the defendant.

Article III of the Constitution imposes a threshold requirement that those who seek to invoke the power of federal courts must allege an actual case or controversy. *O'Shea v. Littleton*, 414 U.S. 488, 493, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). This requirement of an actual controversy between parties having adverse legal interests is applicable to declaratory judgments as well as resolutions of claims for damages. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941); *Paper Carriers Union No. 450 v. Pulitzer Publishing Co.*, 309 F.2d 716, 718 (8th Cir. 1962). As found by the district court, none of the appellants have yet made any application for any benefit. Until application is made and acted upon by the government, we are of the opinion that appellants' injury or threat of injury is too conjectural or hypothetical to present an actual controversy. Accordingly, we affirm the district court's dismissal of the appellants' complaint. In so doing we express no opinion as to the merits of the case.

Affirmed.