**Vernon R. SCHIERDING,
Plaintiff-Appellant,**

v.

**MISSOURI DENTAL BOARD,
Defendant-Respondent.**

**No. 49415.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 1, 1985.

Motion for Rehearing and/or Transfer
Denied Nov. 12, 1985.

Case Transferred to Supreme Court
Dec. 17, 1985.

Case Retransferred to Court of Appeals
March 24, 1986.

Original Opinion Reinstated
March 28, 1986.

Fred Roth, St. Louis, for plaintiff-appellant.

Dennis K. Hoffert, St. Louis, for defendant-respondent.

SIMON, Presiding Judge.

Vernon R. Schierding (Schierding) appeals from the trial court's dismissal of his two count petition seeking declaratory and injunctive relief in his challenge to Missouri dental statutes and regulations. In 1981 the Missouri Dental Board (Board) initiated a disciplinary action with the Administrative Hearing Commission of Missouri against Schierding, a Missouri dentist, for his violations of certain statutory provisions and administrative rules including those prohibiting dental auxiliaries from performing certain dental functions because of their lack of formal education. About one month prior to the administrative hearing, Schierding filed a two count petition in the Circuit Court of St. Louis County with a motion to stay the pending administrative proceeding. Count I of Schierding's petition sought declaratory relief, alleging that certain portions of Chapter 332, the Dental Practice Act, dental regulations promulgated thereunder, and Chapter 536, the Administrative Procedure Act, violate both federal and state constitutional guarantees because they are overly restrictive with no reasonable relationship between the standards imposed and the purposes to be achieved. The general tenor voiced by Schierding in his constitutional challenge is that the statutory treatment accorded physicians and their assistants compared with dentists and their dental assistants under Missouri law is disparate and that this disparity denies Schierding equal protection. Count II sought injunctive relief to enjoin the Board's action against Schierding. Schierding appeals from the trial court's dismissal of his two count petition seeking declaratory and injunctive relief. We affirm.

The trial court stated no reasons for its action, so this court must assume that it was for the reasons alleged in the motion to dismiss. *Pic-Walsh Freight Co. v. Cooper*, 618 S.W.2d 449, 452 n. 5[2] (Mo.App. 1981). The Board's motion to dismiss contained the following grounds: (1) Schierding's sale of his dental business and the absence of any dental practice by him in Missouri precluded his claim of irreparable

harm; (2) no case or controversy existed since the exhaustion of administrative remedies had not occurred; therefore, the case was not ripe and any ruling by the trial court prior to the conclusion of the administrative action would be advisory in nature.

Schierding's first point contends the trial court's dismissal of the circuit court action on the ground that Schierding's sale of his dental practice rendered his action moot is erroneous because the trial court ignored evidence of Schierding's intention to relocate and to continue his practice. He further states the dismissal on the ground the suit was not ripe because the issues it raised were properly cognizable in an administrative review action is erroneous because: (1) the Administrative Hearing Commission has no jurisdiction to entertain Schierding's constitutional challenge; (2) the declaratory judgment action is a prerequisite for Schierding's raising his constitutional claim; (3) the constitutional claim must be adjudicated before the exhaustion of administrative remedies; and (4) the constitutional right to jury is available in a judicial, and not an administrative, proceeding.

The thrust of Schierding's argument is the dispositive issue whether he may challenge the constitutionality of Missouri's dental statute without first exhausting his administrative remedies. Schierding relies chiefly upon *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) for the proposition that where the issue of the constitutionality of a statute is raised, the court may decide it without waiting for an administrative proceeding. Schierding's reliance is misplaced. The Supreme Court in *Salfi*, construing the doctrine of exhaustion of administrative remedies in regard to the Social Security Act, stated as follows:

We have previously recognized that the doctrine of administrative exhaustion should be applied with a regard for the particular administrative scheme at issue. [citations omitted] Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review. [citations omitted] Plainly these purposes have been served once the Secretary has satisfied himself that the only issue is the constitutionality of a statutory requirement, a matter which is beyond his jurisdiction to determine, and that the claim is neither otherwise invalid nor cognizable under a different section of the Act. Once a benefit applicant has presented his or her claim at a sufficiently high level of review to satisfy the Secretary's administrative needs, further exhaustion would not merely be futile for the applicant, but would also be a commitment of administrative resources unsupported by any administrative or judicial interest.

422 U.S. at 765–66, 95 S.Ct. at 2467. Thus, we understand *Salfi* to dispense with the requirement of exhaustion of administrative remedies where the constitutionality of the statute is the only issue. *See* K. Davis, Administrative Law Treatise § 26:6 (2d ed. 1983).

We find *Aircraft & Diesel Equipment Corp. v. Hirsch*, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947) more instructive in requiring exhaustion before considering the constitutionality of the statute where one may prevail on non-constitutional grounds. In *Aircraft & Diesel*, the Supreme Court stated that "the doctrine that one is not entitled to judicial relief until the prescribed administrative remedy has been exhausted, wherever applicable, does not require merely the initiation of prescribed administrative procedures, but they must be pursued to their appropriate conclusion, and final outcome must be awaited before seeking judicial intervention." 331 U.S. at 767, 67 S.Ct. at 1500[3]. The Supreme Court reasoned that, where legislative intent reflects a clear preference for administrative determination, either to the exclusion of judicial action or in advance of it, a strong showing is required both of inade-

quacy of the prescribed administrative procedure and of impending harm to permit short-circuiting the administrative process. 331 U.S. at 773–74, 67 S.Ct. at 1504[7].

The intent that administrative determinations precede judicial recourse is clearly reflected in the language of § 536.-100 RSMo 1978 which provides as follows:

Any person who has exhausted *all* administrative remedies provided by law and who is aggrieved by a *final* decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, unless some other provision for judicial review is provided by statute; provided, however, that nothing in this chapter contained shall prevent any person from attacking any void order of an agency at any time or in any manner that would be proper in the absence of this section. (emphasis added).

Schierding emphasizes the clause that exhaustion of all administrative remedies is necessary before judicial review "unless some other provision for judicial review is provided by statute," *id.*, and that § 527.-020 RSMo 1978 providing for declaratory relief is such a statute. Schierding's efforts to sidestep the administrative proceeding by his reliance on the declaratory judgment action ignores the fundamental rule that the declaratory judgment act, while it is to be interpreted liberally, is not a general panacea for all real and imaginary legal ills, nor is it a substitute for already existing remedies. *Nations v. Ramsey,* 387 S.W.2d 276, 279[3] (Mo.App. 1965). It should be used with caution and, except in exceptional circumstances plainly appearing, it is not to be used and applied where an adequate remedy already exists. *Id.* [4]. Schierding has not demonstrated the propriety of substituting declaratory relief for the already existing remedy accorded him in the administrative proceeding. Section 536.100 RSMo 1978 assures Schierding will have his day in court, should he be found guilty of the charges filed against him by the Board. Further, enforcement of any administrative decision decided adversely to him may be delayed pending the judicial review of the administrative action. Section 536.120 RSMo 1978. On the other hand, the Administrative Hearing Commission may find no merit to the Board's sundry complaints against Schierding. Adherence to this procedural chain prescribed under Missouri law allows for the orderly development of a clear factual record within which the legitimacy of the constitutional challenge can be more adequately assessed, rather than in a vacuum devoid of any factual context.·

Section 536.100 RSMo 1978 does permit "short-circuiting the administrative process" with the proviso that "[u]nreasonable delay on the part of any agency in deciding any contested case shall be grounds for an order of the court either compelling action by the agency or removing the case to the court for decision." *Id.* However, in addition to the absence of any evidence showing the suitability of declaratory relief over the administrative remedies afforded him, the record reflects no unreasonable delay on the part of the Commission in deciding the case against Schierding.

While we do agree with Schierding that the Administrative Hearing Commission has no authority to decide the constitutionality of Missouri's dental statutes, *accord City of Joplin v. Industrial Commission of Missouri,* 329 S.W.2d 687, 689[1] (Mo. banc 1959), Schierding may, indeed should, raise his constitutional objection to the statute at the administrative hearing. In the event he does not prevail in the administrative proceeding below and seeks judicial review of the Administrative Hearing Commission's decision by way of a petition for review, he has preserved his constitutional complaint for consideration by a circuit court. In passing, we note § 332.-071 and § 332.081 RSMo 1978 survived a challenge on equal protection in *Missouri Dental Board v. Alexander,* 628 S.W.2d 646 (Mo. banc 1982).

We affirm the trial court's dismissal.

STEPHAN, C.J., and KELLY, J., concur.