ST. LOUIS COUNTY,
Missouri, Appellant,

v.

CITY OF SUNSET HILLS,
Missouri, Respondent.

No. 51658.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 17, 1987.

Motion for Rehearing and/or Transfer
Denied March 25, 1987.

Thomas W. Wehrle, County Counselor, and Carolyn C. Whittington, Asst. County Counselor, St. Louis, for appellant.

Robert C. Jones and Robert E. Jones, Vines, Kruger, Jones, Kraner & Rubin, Clayton, for respondent.

CRIST, Judge.

Appellant, St. Louis County, Missouri (County), filed an action for declaratory judgment asking the court to declare respondent's (City) zoning ordinance unconstitutional and void as it was applied to land owned by County. The trial court refused to render or enter a declaratory judgment or decree because such action would not terminate the controversy giving rise to the proceeding. Rule 87.07. We affirm.

County is the owner of a piece of property located within City in the northwest quadrant of the intersection of State Route 30 (Gravois Road) and Interstate 270. The property is approximately 6.5 acres in size and was originally part of an 89 acre tract owned by County and utilized as Grandview Park. All but the remaining 6.5 acres were sold to be used in the construction of Interstate 270.

The property has been zoned Single-Family "A," requiring residential lots of at least one acre, since City was incorporated and first established zoning in the late 1950's. The zoning classification was part of a comprehensive plan adopted and maintained by City.

County has never filed an application for rezoning of the subject property. In the late 1970's, one potential buyer submitted an application for rezoning but withdrew it prior to a Planning and Zoning Commission meeting. Another application from a potential buyer to have the property rezoned as "E" Commercial was denied in 1980.

According to County's expert, the highest and best use of the property is planned development, commercial. However, he would not recommend a rezoning to wide open commercial development. If the property is rezoned for commercial development, the property value will increase to five times the present value.

County has not filed an application for rezoning. The last zoning application by another party occurred five years earlier and the relief requested was a zoning classification that County's expert, in this suit,

indicated would not be appropriate for the property. Due to the existence of, and County's failure to pursue, an existing remedy, County has not shown a legally protectable interest that has been injured by City and is appropriate or ripe for judicial resolution. *Missouri Department of Social Services v. Agi-Bloomfield Convalescent Center, Inc.*, 682 S.W.2d 166, 168 [3] (Mo.App.1984). *See Schierding v. Missouri Dental Board*, 705 S.W.2d 484, 487 [2] (Mo.App.1985).

County argues that since an application for rezoning was not required before a declaratory judgment action was commenced in *Herman Glick Realty Co. v. St. Louis County*, 545 S.W.2d 320 (Mo.App. 1976), no such action is required here. In that case, the court did not address the issue of justiciability. It noted the recent application was by a party other than the plaintiff. County further argues a landowner should not have to go to the expense of preparing and going before an administrative body when the courts are available. This argument ignores the fact that much of the same expenses will be incurred in any route taken towards rezoning. Moreover, this court cannot presume arbitrary or unreasonable action on the part of City. *Herman Glick Realty Co.*, 545 S.W.2d at 326. If County does have a meritorious case, it should have this problem resolved without having to resort to the courts. This will aid judicial economy.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.