**STATE ex rel. MISSOURI STATE BOARD OF REGISTRATION FOR THE HEALING ARTS, Relator,**

**v.**

**The Hon. James R. HARTENBACH and Kenneth M. Weinstock, Circuit Court of St. Louis County, Twenty–First Judicial Circuit, Respondents.**

No. 55940.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 18, 1989.

Hawkins, Brydon, Swearengen & England P.C., Terry E. Crow, Jefferson City, for relator.

Rothman, Sokol, Adler, Barry & Sarachan, Richard A. Barry, III, Russell A. Willis, III, St. Louis, for respondents.

SMITH, Presiding Judge.

The Missouri State Board of Registration for the Healing Arts (Board) sought and obtained our preliminary writ of prohibition to prevent Judges Hartenbach and Weinstock from exercising further jurisdiction over a declaratory judgment action brought by Allen S. Palmer, D.O. against the Board. We now make the preliminary writ permanent.

The Board is an agency of the State created and established to execute and enforce the provisions of Chapter 334, RSMo 1986, relating to the licensing and discipline of physicians and surgeons. Allen S. Palmer holds a license to practice medicine and is subject to the jurisdiction of the Board. The Board filed a complaint with the Administrative Hearing Commission (Commission) seeking a determination that the license to practice medicine of Palmer was subject to discipline pursuant to Secs. 334.-100.2(4)(d), (h) and 334.100.2(10), RSMo Supp.1987. The complaint itself has not been included as part of the record before us. Palmer, however, in a motion to dismiss before the Commission characterized it as charging that Palmer violated the statutory provisions by assisting one Elizabeth Clifton, a licensed nurse, in engaging in the unauthorized practice of the healing arts:

"(a) By giving her 'blanket authority' to write prescriptions for patients in his name, when [Palmer] did not meet or examine any of these patients.

"(b) Establishing a protocol so as to allow her to write prescriptions using his name.

"(c) Doing the above when she resides and practices approximately 100 miles from respondent's practice in the St. Louis area.

"(d) By a complete lack of supervision of nurse Clifton."

For purposes of this proceeding we will accept this as an accurate statement of the conduct charged. The motion to dismiss was denied and the complaint is pending before the Commission.

Palmer then filed his petition for declaratory judgment against the Board in the Circuit Court. In it he alleged that Chapter 334 does not apply to nurses. See Sec. 334.155. He further alleged that the practices of Palmer as regards Clifton are consistent with those approved by the decision of the Supreme Court in Sermchief v. Gonzales, 660 S.W.2d 683 (Mo. banc 1983) and that the Board's action is contrary to that case. It was further alleged that a conflict exists between Secs. 334.100.2(4) and (10) (erroneously identified in the petition as 334.110) and Sec. 334.155 requiring a resolution of the conflict by way of declaratory judgment. Based upon Palmer's petition,

Judge Hartenbach issued a stay of proceedings by the Commission pending adjudication of Palmer's action for declaratory judgment. Judge Weinstock denied the Board's motions to dissolve the stay and to dismiss. The Board's application for a writ of prohibition challenging the orders of Judges Hartenbach and Weinstock followed.[1]

■ Exhaustion of administrative remedies is a jurisdictional requirement for a declaratory judgment action. *State ex rel. J.S. Alberici v. City of Fenton,* 576 S.W.2d 574 (Mo.App.1979) [3]. In *Schierding v. Missouri Dental Board,* 705 S.W.2d 484 (Mo.App.1985) l.c. 486 citing *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975), we stated the reason for that rule as follows:

"... Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review...."

Sec. 536.100 RSMo 1986 clearly delineates that judicial review is authorized from agency decisions by "any person who has exhausted all administrative remedies provided by law ..." Under some circumstances an exception may exist to the exhaustion requirement where a constitutional challenge to the statute forming the only basis for denial of relief is the only issue presented. *Weinberger v. Salfi, supra; Schierding, supra.*

Normally, however, the existence of a constitutional issue does not obviate the exhaustion requirement because adherence to the administrative procedural chain "allows for the orderly development of a clear factual record within which the legitimacy of the constitutional challenge can be more adequately assessed, rather than in a vacuum devoid of any factual context." *Schierding, supra,* [1–3].

■ Palmer has raised no constitutional challenge in his declaratory judgment petition. His challenge is solely one of statutory interpretation based upon his contention that two provisions of Chapter 334 are in direct conflict. We are aware of no authority that allows a by-pass of the agency review based upon a conflict between statutes.

It may be conceded *arguendo* that Clifton, a nurse, is not regulated by Chapter 334 for her activities as a nurse. Palmer is, however, governed by Chapter 334 and the question before the Commission is whether he has complied with his licensing requirements not whether nurse Clifton has complied with hers. *Sermchief v. Gonzales, supra,* dealt with whether certain activities of nurses constituted the unauthorized practice of medicine or were proper nursing practices under Sec. 335.016(8). The court found that the activities engaged in were nursing functions as defined in that statute performed pursuant to standing orders and protocols approved by physicians. *Sermchief* did not give approval to physicians, *carte blanche,* to issue such standing orders and protocols. That a nurse may properly, under her license, carry out a standing order or protocol from a physician does not correlate into an authority to a physician to issue any and all standing orders and protocols he may choose regardless of their propriety under his licensing restraints.

The complaint involves practices peculiarly within the expertise of the administrative body and whether Palmer has violated the provisions of Chapter 334 is dependent on the factual development which will occur in the administrative hearing. We note, simply as an example, that Sec. 335.016(8) and *Sermchief* authorize a nurse to "administer" medications as prescribed by a person authorized to prescribe such medications. The charges against Palmer are that he delegated the authority to "pre-

---

1. Judge Hartenbach's stay appears to be directed to the Commission which is not a party in Palmer's declaratory judgment action. For purposes of this writ we will treat the stay as if it were directed to the Board precluding it from any further action on the complaint.

scribe" medications contrary to the provisions of Sec. 334.100.2(4)(h). Whether such delegation was a proper action under his license is a question for resolution by the Commission.

We, of course, express no opinion on the validity of any of the charges against Palmer, factually or legally. We hold only that they are to be resolved in the first instance in the administrative proceeding and that until that resolution occurs the circuit court lacks jurisdiction over the matter.

Preliminary writ of prohibition made permanent.

SATZ and SIMON, JJ., concur.